**Dan THOMAS, Appellant,**

v.

**Ronald BUSH, Linda Nelson, and C.E. Monroe, Appellees.**

No. 09–00–081 CV.

Court of Appeals of Texas, Beaumont.

Submitted July 31, 2000.

Decided Aug. 3, 2000.

---

Dan Thomas, Livingston, pro se.

John Cornyn, Atty. Gen. of Texas, S. Scott Shepherd, Asst. Atty. Gen., Austin, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

RONALD L. WALKER, Chief Justice.

This is an appeal from an order dismissing a suit for failure to comply with the Texas Civil Practice and Remedies Code requirements for suits filed by inmates. Dan Thomas filed suit on October 14, 1999, alleging that Ronald Bush, Linda Nelson, and C.E. Monroe, all of whom were employees of the Texas Department of Criminal Justice, Institutional Division, violated his civil rights under color of law by bringing false disciplinary charges against Thomas. *See* 42 U.S.C.A. § 1983 (West Pamph. 2000).

The defendants filed a motion to dismiss the suit on the grounds Thomas's petition did not contain an affidavit relating to previous filings. An inmate who files an affidavit or unsworn declaration of inability to pay costs must file a separate affidavit or declaration identifying each suit he has previously brought *pro se*, describing each suit that was previously brought, by (1) stating the operative facts for which relief was sought, (2) listing the case name, cause number, and the court in which the suit was brought, (3) identifying each party named in the suit, and (4) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious

under Section 13.001 or Section 14.003 or otherwise. TEX. CIV. PRAC. & REM.CODE ANN. § 14.004(a)(2) (Vernon Supp.2000). As an additional ground for dismissal, the defendants alleged Thomas failed to file a copy of the written decision from the grievance system with his petition, along with an affidavit or unsworn declaration stating the date the grievance was filed and the date the written decision was received by the inmate. TEX. CIV. PRAC. & REM.CODE ANN. § 14.005(a) (Vernon Supp.2000). A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system. TEX. CIV. PRAC. & REM.CODE ANN. § 14.005(b) (Vernon Supp.2000).

Thomas raises three issues on appeal. Issue one urges Section 14.004(a)(2) and (b) and Section 14.005(a) and (b) violate the Supremacy Clause of the United States Constitution. U.S. CONST. Art. VI, cl. 2. In support of his argument, Thomas relies upon *Felder v. Casey*, 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988), and *Howlett v. Rose*, 496 U.S. 356, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990). *Felder v. Casey* held a State notice-of-claim statute was inapplicable to Section 1983 actions brought in State Court because notice-of-claim statutes were inapplicable to Section 1983 actions brought in federal courts. *Felder v. Casey*, 487 U.S. at 151, 108 S.Ct. at 2313–14, 101 L.Ed.2d at 146. *Howlett v. Rose* held a State Law sovereign immunity defense could not be applied to a Section 1983 suit when that defense would not have been available had the action been brought in a federal forum. *Howlett v. Rose*, 496 U.S. at 378–79, 110 S.Ct. at 2444–45, 110 L.Ed.2d at 354. The petitioner in that case complied with all of the state law procedures for invoking the court's jurisdiction. *Id.* at 379, 110 S.Ct. at 2444–45, 110 L.Ed.2d at 355.

States may apply their own neutral procedural rules to federal claims, unless those rules are pre-empted by federal law. *Howlett v. Rose*, 496 U.S. at 372, 110 S.Ct.

at 2440–41, 110 L.Ed.2d at 351. The Civil Practice and Remedies Code's neutral procedural requirements on *pro se* indigent inmates filing civil claims in state court "enable[s] the trial court to discern whether the case is frivolous and the work of a nuisance litigator." *Thomas v. Wichita General Hosp.*, 952 S.W.2d 936, 940 (Tex. App.—Fort Worth 1997, no pet.). Section 1983 claims brought in federal fora are subject to the provisions of the Prison Litigation Reform Act of 1995, which includes an exhaustion of remedies requirement similar to Section 14.005 and a "three strikes" provision barring suits filed by inmates who have brought previous frivolous suits. 28 U.S.C.A. § 1915(g) (West Supp.2000); 42 U.S.C.A. § 1997e(a) (West Supp.2000). Considering federal law imposes substantially similar requirements on inmates litigating *in forma pauperis*, we conclude Sections 14.004 and 14.005 do not offend the Supremacy Clause. Issue one is overruled.

■ Issue two contends Section 14.004(a)(2) and (b) violates the Ex Post Facto clause of the United States Constitution. U.S. Const. Art. I, § 10, cl. 1. Citing *Bouie v. City of Columbia*, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964)[1], Thomas argues Section 14.004 is an ex post facto law because it requires him to identify suits filed before June 8, 1995. The Ex Post Facto clause has been interpreted to pertain exclusively to penal statutes. *Kansas v. Hendricks*, 521 U.S. 346, 370, 117 S.Ct. 2072, 2086, 138 L.Ed.2d 501, 520 (1997). Furthermore, the effective date of Section 14.004 was June 8, 1995, long before Thomas's cause of action accrued. Thomas's argument would be more persuasive if this suit had been dismissed because he had filed frivolous suits before June 8, 1995.[2] Section 14.004 requires no

more than that Thomas identify the suits he has previously filed. The statute simply does not provide for the dismissal of a cause of action accruing after the effective date of the statute based upon conduct occurring before its effective date. The statute does not implicate the Ex Post Facto clause of the United States Constitution. Issue two is overruled.

■ Issue three argues Sections 14.004(a) and (b) and 14.005(a) and (b) violate the Open Courts provision of the Texas Constitution. Tex. Const. Art. I, § 13. An open courts challenge has a two-part test: "First, it must be shown that the litigant has a cognizable common law cause of action that is being restricted. Second, the litigant must show that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute." *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex.1983). Thomas filed a statutory claim under 42 U.S.C.A. § 1983. Thomas argues application of the Section 14.004 requirement to identify his previous suits would be arbitrary and unreasonable because he has filed over 175 lawsuits. The purpose of Section 14.004 is to curb the constant, often duplicative, inmate litigation, by requiring the inmate to notify the trial court of previous litigation and the outcome. *Bell v. Texas Dept. of Criminal Justice–Inst. Div.*, 962 S.W.2d 156, 158 (Tex.App.—Houston [14th Dist.] 1998, pet. denied). The trial court can determine, based on the previous filings, whether the suit is frivolous because the inmate already filed a similar claim. *Id.* The fact that Thomas is litigious does not lessen the appropriateness of the statute, nor is its application *per se* unreasonable merely because of the sheer volume of previous litigation.

**1.** *Bouie* holds that judicial application of legislation may not retroactively subject a person's actions to criminal prosecution.

**2.** We note that the federal "three strikes" provision of the Prison Litigation Reform Act has thus far passed constitutional muster in

the federal Courts of Appeal. *See White v. State of Colorado*, 157 F.3d 1226, 1233 (10th Cir.1998), *cert. denied*, 526 U.S. 1008, 119 S.Ct. 1150, 143 L.Ed.2d 216 (1999); *Rivera v. Allin*, 144 F.3d 719 (11th Cir.1998), *cert. filed* (U.S. September 21, 1998)(No. 98–6127).

Next, Thomas argues the enactment of Section 14.004 violated the separation of powers clause of the Texas Constitution. TEX. CONST. Art. II, § 1. In the case upon which he relies, *Government Services Ins. Underwriters v. Jones,* 368 S.W.2d 560, 567 (Tex.1963), the court held a statute providing for mandatory legislative continuances was a valid exercise of legislative power. The judicial power to administer the court and decide cases is necessarily subject to the legislative power to make laws.

Finally, Thomas argues Section 14.004 is a facially unconstitutional special law under the Texas Constitution because it relates to the inmate class of *Ruiz v. Estelle,* 503 F.Supp. 1265 (S.D.Tex.1980), *aff'd in part and reversed in part,* 679 F.2d 1115 (5th Cir.), *amended in part and vacated in part,* 688 F.2d 266 (5th Cir. 1982). TEX. CONST. Art. III, § 56. "The primary and ultimate test of whether a law is general or special is (1) whether there is a reasonable basis for the classification made by the law, and (2) whether the law operates equally on all within the class." *Rodriguez v. Gonzales,* 148 Tex. 537, 227 S.W.2d 791, 793 (Tex.1950). Chapter 14 was "designed to control the flood of frivolous lawsuits being filed in the courts of this State by prison inmates, consuming valuable judicial resources with little offsetting benefit." *Hickson v. Moya,* 926 S.W.2d 397, 399 (Tex.App.—Waco 1996, no pet.), *see also Bell v. Texas Dept. of Criminal Justice–Institutional Div.,* 962 S.W.2d at 158. We hold there is a reasonable basis for the class created in Section 14.004. Thomas does not contend the law operated unequally on all within the class. Issue three is overruled. We affirm the judgment of the trial court.

AFFIRMED.