Affirmed and Opinion filed August 8, 2002









Affirmed and Opinion filed August 8, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00646-CV

____________

 

HOWARD VANZANDT WILLIAMS,
Appellant

 

V.

 

TEXAS DEPARTMENT OF CRIMINAL JUSTICEBINSTITUTIONAL DIVISION, WAYNE SCOTT, DANA BROWN, AND JAMES
GONZALES, Appellees

 



 

On
Appeal from the 23rd District Court

Brazoria County, Texas

Trial
Court Cause No. 15108*I01

 



 

O
P I N I O N

In
five issues, Howard Williams, an inmate suing in forma pauperis, appeals
the dismissal of his tort and retaliation claims.  We reform the judgment and affirm.

Background








This
lawsuit is appellant=s second, identical suit against appellees for personal injury
sustained by the Ause and misuse of tangible personal property, namely . . .
[paper].@[1]  Appellant also contends
appellees have engaged in a conspiracy to violate his civil rights by removing
his legal briefs from the prison mail facility, destroying his typewriter, and
filing false disciplinary actions.  See
42 U.S.C. ' 1983 (2000) (civil rights act).  The trial court dismissed appellant=s
first suit as frivolous for failure to attach a certified copy of his trust
account statement, as required by section 14.004(c) of the Texas Civil Practice
and Remedies Code.  The dismissal,
without prejudice, of the prior suit was affirmed in Williams v. Brown,
et al., 33 S.W.3d 410, 412 (Tex. App.CHouston [1st Dist.]
2000, no pet.). 

On
the State=s motion, the trial court dismissed this second suit as
frivolous.  See Tex. Civ. Prac. & Rem. Code Ann. '
14.003 (Vernon Supp. 2002).  The motion
stated appellant failed to comply with Texas Civil Practice and Remedies Code
sections 14.004 (requiring that an inmate file an affidavit identifying all
prior litigation), 14.005 (requiring that an inmate file copies of grievance
decisions), and 14.006(f) (requiring that inmate file a certified copy of his
trust fund account statement).  Neither
Wayne Scott nor the Department of Criminal Justice filed an answer to this
suit.

I.  Discussion








We
review the trial court=s dismissal under an abuse of discretion standard.  Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.CWaco
1996, no writ).  In determining
whether  an inmate suit is frivolous or
malicious, a trial court may consider whether the claim is substantially
similar to a previous claim filed by the inmate because the claim arises out of
the Asame
operative facts.@  See Tex. Civ. Prac. & Rem. Code Ann. '
14.003(b)(4).  To enable a trial court to
determine whether the suit is substantially similar to a previous one, an
inmate is required to file a separate affidavit or unsworn declaration
describing all other suits the inmate has brought and stating the Aoperative
facts@
upon which relief was sought. Id. ' 14.004(a)(2)(A). 
Because appellant=s sworn statement of prior litigation fails to adequately
describe the operative facts of each case he has previously filed, the trial
court=s
dismissal was not an abuse of discretion.[2]  White v. State, 37 S.W.3d 562, 565 (Tex. App.CBeaumont 2001, no pet.); Bell v. Texas Dep=t.
of Criminal JusticeC Institutional Div.,
962 S.W.2d 156, 158 (Tex.
App.CHouston [14th Dist.] 1998, pet. denied). 
Dismissal was also proper because appellant=s
sworn statement does not disclose whether some of the prior suits were
dismissed as frivolous or malicious and does not provide the dates of the final
orders affirming the dismissals.  See Tex. Civ. Prac. & Rem. Code Ann. ''
14.004(a)(2)(D), 14.004(b).  We overrule
appellant=s first issue.

Appellant
next contends that: (1) the trial court must hold a hearing before granting a
dismissal under Chapter 14; (2) the dismissal of the claims against Wayne Scott
and the Department of Criminal Justice was unauthorized without an answer from
those two defendants; and (3) Chapter 14 violates the Supremacy Clause of the
United States Constitution by limiting his rights to seek redress under section
1983.  We address each of these issues in
turn.








First,
a trial court need not hold a hearing before dismissing an inmate suit under
Chapter 14.  See, e.g., Retzlaff v.
Tex. Dep=t of Criminal Justice,
No. 14-01-00371-CV, 2002 WL 959480, at *4 (Tex. App.CHouston
[14th Dist.] May 9, 2002, no pet.); Thomas v. Bilby, 40 S.W.3d
166, 168 (Tex. App.CTexarkana 2001, no pet.).  Second,
because a trial court is authorized to dismiss a suit under Chapter 14 either
before or after service of process, it is also authorized to dismiss a suit in
the absence of an answer from each and every defendant.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 14.003(a) (Acourt may dismiss a claim, either before or after service of
process@);
Bilby, 40 S.W.3d at 168.  Third,
the application of Chapter 14 to appellant=s section 1983 suit is neither arbitrary nor capricious, and
does not violate the Supremacy Clause. Thomas v. Bush, 23 S.W.3d
215, 217B18
(Tex. App.CBeaumont 2000, pet. denied). 
Rather, Chapter 14 imposes neutral procedural rules to section 1983
suits.  Id.  See also Howlett v. Rose, 496 U.S. 356,
372 (1990) (holding neutral State procedure may be applied to federal claims
unless pre-empted).  We overrule each of
these issues.

II.  Dismissal with or without prejudice  

Appellant=s
final issue on appeal is a complaint regarding the trial court=s
apparent oversight in indicating whether the dismissal was granted with or
without prejudice.  A dismissal with
prejudice constitutes an adjudication on the merits and operates as if the case
had been fully tried and decided.  See
Ritchey v. Vasquez, 986 S.W.2d 611, 612 (Tex. 1999).  Thus, orders dismissing cases with prejudice
have full res judicata and collateral estoppel effect, barring
subsequent relitigation of the same causes of action or issues between the same
parties.  See Barr v. Resolution Trust
Corp., 837 S.W.2d 627, 630B31 (Tex. 1992).  A
dismissal with prejudice is improper if the error can be remedied.  Thomas v. Skinner, 54 S.W.3d 845, 847 (Tex. App.CCorpus Christi 2001, pet. denied); Hickman v. Adams, 35 S.W.3d 120,
125 & n.1 (Tex. App.CHouston [14th Dist.] 2000, no pet.).

Appellant=s
failure to comply with Chapter 14 in his first lawsuit could have been remedied
through more specific pleading.  When an
inmate fails to comply with Chapter 14, dismissal with prejudice is appropriate
only after the inmate has had an opportunity to amend. See Hickman, 35
S.W.3d at 125 & n.2 (citing Kendrick v. Lynaugh, 804 S.W.2d 153, 156
(Tex. App.CHouston [14th Dist.] 1990, no writ) (affirming dismissal with prejudice where
failure to comply with Chapter 14 persisted after opportunity to amend
petition)).  Here, appellant has had an
opportunity to amend his complaint by virtue of his filing of this second and
identical suit.  However, appellant=s
pleadings in this suit also fail to comply with Chapter 14 because, as we
discuss above, his statement of prior litigation is purposefully inadequate for
the trial court to determine whether this or a substantially similar suit had
been brought on a prior occasion.  Under
these circumstances, we hold dismissal with prejudice is appropriate.








To
the extent appellant=s brief raises issues not addressed above, we deem them
waived.  See Tex. R. App. P. 38.1(h) (requiring that
a brief clearly and concisely delineate issues and provide citations to
authority and the record).

We
reform the judgment to reflect that the cause is dismissed Awith
prejudice.@  As reformed, the
judgment is affirmed.

 

 

 

/s/        Eva
M. Guzman

Justice

 

Judgment rendered and Opinion filed August
8, 2002.

Panel consists of Justices Yates, Seymore,
and Guzman.

Do Not Publish C
Tex. R. App. P. 47.3(b).

 

 

 











[1]  Appellant
fails to provide the court with further insight into the nature of his injury
from paper.





[2]  Appellant has
filed approximately 35 inmate suits, at least some of which, from the limited
information given, appear to contain allegations similar to those of this
suit.  The precise number and nature of
the prior suits is impossible to determine because appellant has deliberately
massed his descriptions together in an incomprehensible narrative.