In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00126-CV


______________________________




MICHEAL GOWAN, Appellant



V.



TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ET AL., Appellees




 


On Appeal from the 202nd Judicial District Court


Bowie County, Texas


Trial Court No. 00-C-1133-202




 




Before Morriss, C.J., Ross and Carter, JJ.


Opinion by Justice Ross



O P I N I O N



 Micheal (1) Gowan appeals the dismissal of his civil suit against the Texas Department
of Criminal Justice and some of its employees (collectively, TDCJ). Gowan, an inmate
proceeding pro se and in forma pauperis, sued TDCJ alleging it lost some of his property
in the course of moving him from one facility to another and retaliated against him for
pursuing administrative and other remedies. TDCJ filed a motion to dismiss Gowan's suit
because he failed to file a proper affidavit of previous filings as required by Tex. Civ. Prac.
& Rem. Code Ann. § 14.004 (Vernon 2002). The trial court granted TDCJ's motion.

 On appeal, Gowan contends the trial court abused its discretion in dismissing his
suit because his affidavit of previous filings complies with the purpose of Section 14.004. 
He also contends the trial court should not have dismissed his suit without giving him an
opportunity to respond to TDCJ's motion. He further contends Chapter 14 violates his
rights under the Open Courts Provision of the Texas Constitution. See Tex. Const. art. I,
§ 13.

 A trial court may dismiss a suit filed by an indigent inmate either before or after
service of process if it finds the claim is frivolous or malicious. Tex. Civ. Prac. & Rem.
Code Ann. § 14.003(a) (Vernon 2002). An inmate who files an affidavit or unsworn
declaration of inability to pay costs must file a separate affidavit or unsworn declaration
identifying every suit filed pro se (except suits filed under the Texas Family Code) he or
she has previously filed. Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a)(1). The affidavit
must (1) state the operative facts for which relief was sought, (2) give the case name,
cause number, and the court in which the suit was brought, (3) identify each party named
in the suit, and (4) state the result of the suit, including whether the suit was dismissed as
frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a)(2). If the affidavit
or unsworn declaration states that a previous suit was dismissed as frivolous or malicious,
then the affidavit or unsworn declaration must also provide the date of the final order
affirming the dismissal. Tex. Civ. Prac. & Rem. Code Ann. § 14.004(b).

 The purpose of Section 14.004 is to assist the trial court in determining whether a
suit is malicious or frivolous under Section 14.003(a). Hickson v. Moya, 926 S.W.2d 397,
399 (Tex. App.-Waco 1996, no writ). Therefore, a trial court may dismiss a suit under
Section 14.003(a) without a hearing when an inmate fails to file the affidavit required under
Section 14.004. Thomas v. Knight, 52 S.W.3d 292, 293 n.2 (Tex. App.-Corpus Christi
2001, pet. denied) (citing Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c)); Williams v.
Brown, 33 S.W.3d 410, 411 (Tex. App.-Houston [1st Dist.] 2000, no pet.). When an
inmate does not comply with the requirements of Section 14.004, the trial court is entitled
to assume the suit is substantially similar to one previously filed by the inmate and,
therefore, frivolous. Clark v. J.W. Estelle Unit, 23 S.W.3d 420, 422 (Tex. App.-Houston
[1st Dist.] 2000, pet. denied); Bell v. Tex. Dep't of Criminal Justice-Inst. Div., 962 S.W.2d
156, 158 (Tex. App.-Houston [14th Dist.] 1998, pet. denied); see White v. State, 37
S.W.3d 562, 563-64 (Tex. App.-Beaumont 2001, no pet.).

 Gowan contends the trial court abused its discretion in dismissing his suit because
he filed an affidavit of previous filings. In his affidavit, Gowan asserted he had filed
"one (1) previous suit aginst [sic] TDCJ-ID in Anson County under the Declaratory
Judgement Act." The facts of that case "surrounded TDCJ-ID's placement of my person
in a transfer facility in Abilene in violation [of] Tex. Gov't Code § 499.152 . . . ." He stated
that the suit was filed in the 259th District Court, that he did not have the cause number,
that it was styled "In Re Micheal Gowan," and that it was dismissed with "a one line
sentence with no reason stated for the dismissal." He asserts he was not cited for making
a malicious or frivolous filing. 

 TDCJ contends the affidavit is deficient because it fails to state the cause number
of his previous suit. In Obadele v. Johnson, 60 S.W.3d 345, 348 (Tex. App.-Houston [14th
Dist.] 2001, no pet.), the court of appeals held that the appellant's affidavit, which did not
identify the parties or the operative facts of his previous suits, did not constitute substantial
compliance with the requirements of the statute. The court held that the appellant's
affidavit would not enable the trial court to determine that the suit was frivolous because
the appellant had already filed a similar claim. Id.

 In contrast, Gowan's affidavit informed the trial court of the style of the previous suit,
the county in which it was filed, the trial court, the name of the opposing party, the
operative facts, and the fact it was dismissed. The only information missing was the cause
number. Gowan explained he did not know the cause number.

 From these assertions, we conclude Gowan substantially complied with the
requirements of Section 14.004. By referring to Gowan's affidavit, the trial court could
determine that the substance of Gowan's previous suit and his suit in the present case was
different.

 TDCJ also contends Gowan was dishonest with the trial court because records from
the Texas Attorney General's Office (which represents TDCJ) show Gowan has been a
pro se plaintiff in several other suits. TDCJ did not present evidence of its contentions;
rather, its allegations were contained only in its motion to dismiss. Pleadings are not
evidence, even if they are sworn or verified. See Laidlaw Waste Sys. (Dallas), Inc. v. City
of Wilmer, 904 S.W.2d 656, 660 (Tex. 1995).

 Nevertheless, we conclude the trial court did not abuse its discretion. Gowan's
affidavit asserts he has filed "one (1) previous suit aginst [sic] TDCJ-ID . . . ." He does not
disclose whether he has filed any other suits pro se against other defendants, as Section
14.004(a)(1) requires. See Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a)(1). Gowan's
affidavit, therefore, leaves the trial court in doubt about the extent of his previous pro se
filings.

 Gowan contends the trial court erred in dismissing his suit without giving him an
opportunity to respond to TDCJ's motion to dismiss. The record shows Gowan filed this
response after the trial court dismissed his suit.

 The trial court's action was not an abuse of discretion. As mentioned previously, the
purpose of Section 14.004 is to aid the trial court in determining whether a suit is malicious
or frivolous under Section 14.003(a). Hickson, 926 S.W.2d at 399. Under Section
14.003(a), a suit can be dismissed either before or after service of process. Tex. Civ.
Prac. & Rem. Code Ann. § 14.003(a). It follows then that, if Gowan filed a deficient
affidavit, his suit was subject to dismissal without a hearing or allowing Gowan an
opportunity to respond. See Obadele, 60 S.W.3d at 349; Hickman v. Adams, 35 S.W.3d
120, 125 (Tex. App.-Houston [14th Dist.] 2000, no pet.).

 Gowan further contends Chapter 14 of the Texas Civil Practice and Remedies Code
violates his rights under the Open Courts Provision of the Texas Constitution. This issue
is not preserved for our review because Gowan did not raise it in the trial court. See Tex.
R. App. P. 33.1(a). Nevertheless, other courts have held various sections of Chapter 14
do not violate the Open Courts Provision. Hughes v. Massey, 65 S.W.3d 743, 744 (Tex.
App.-Beaumont 2001, no pet.) (holding Section 14.006(f) does not violate Open Courts
Provision); Sanders v. Palunsky, 36 S.W.3d 222, 226 (Tex. App.-Houston [14th Dist.]
2001, no pet.) (Section 14.005(b)); Thomas v. Bush, 23 S.W.3d 215, 218 (Tex.
App.-Beaumont 2000, pet. denied) (Section 14.004(a), (b); Section 14.005(a), (b)).

 We affirm the trial court's judgment.



 Donald R. Ross

 Justice


Date Submitted: December 23, 2002

Date Decided: February 7, 2003


1. In his petition and elsewhere in the record, Gowan spells his first name "Micheal." 
The trial court's order spells it "Michael." In this opinion, we use the former spelling.


his case. Freeman admitted that the
enhancement allegation was "true," and the State brought forth evidence to corroborate Freeman's
plea to the enhancement allegations. Moreover, despite Freeman's contention on appeal to the
contrary, we find no error in, or discrepancy between, the allegations contained in the enhancement
notice and the State's trial evidence. We overrule this point of error.

 We affirm the trial court's judgment.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: December 30, 2008

Date Decided: December 31, 2008


Do Not Publish



1. We further note that the appellate record contains no evidence of punishments assessed for
similar crimes within this jurisdiction or elsewhere; such considerations are an integral component
of any disproportionality analysis. See Harmelin v. Michigan, 501 U.S. 957, 1006 (1991). As such,
even if Freeman's complaint had been preserved for our review, he has failed to bring forth an
adequate appellate record upon which we could assess the propriety of his sentence in this case. Cf.
Buchanan v. State, 68 S.W.3d 136, 141 (Tex. App.--Texarkana 2001, no pet.).