NO. 07-04-0460-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 8, 2005



______________________________



BRIAN ELEZAR ZAMBRANO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


 _________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 44,069-C; HONORABLE PATRICK PIRTLE, JUDGE


 _______________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Brian Eleazar Zambrano appeals his conviction for the felony offense of
aggravated assault. We will affirm the trial court's judgment.

 Appellant was charged by an indictment alleging he shot Jason Rubino. The
complaint reveals that appellant was the driver of a vehicle from which a passenger shot
Rubino. He pled guilty on June 11, 2002 pursuant to a plea agreement providing for
deferral of the adjudication of guilt for three years, conditioned on appellant's compliance
with specified terms and conditions. The trial court rendered an order deferring adjudi-cation in conformity with the agreement. 

 The State moved to proceed with adjudication in June 2003 alleging appellant
violated two conditions of the court's prior order. Appellant plead true to the violations
alleged and, on the recommendation of the supervising probation officer, the court
continued deferral of adjudication, adding 60 days confinement, completion of a "Batterer's
Intervention Prevention Program," and limitation on visitation with his children until
completion of that program. 

 The State filed a second motion to proceed with adjudication in July 2004. It alleged
four violations, including assaulting a family member, failing to report as required, failing
to report an arrest, and failing to make payments for court costs and his fine. On
September 2, 2004, appellant again plead true to the violations alleged. The trial court
granted the State's motion to adjudicate appellant's guilt and imposed sentence of four
years confinement and a $2,000.00 fine. Appellant has perfected appeal from that order
and counsel was appointed to represent him on appeal. 

 Appellant's counsel has filed a brief stating he has carefully reviewed the record in
this case and concludes there is no reversible error and that the appeal is frivolous. See
Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The
brief discusses the factual and procedural history of the case. In conformity with counsel's
obligation to support the appeal to the best of his ability, Johnson v. State, 885 S.W.2d 641,
645 (Tex.App.-Waco 1994, pet. ref'd), the brief discusses three potential complaints on
appeal and explains why they do not show reversible error. Appellant's counsel has
advised the court appellant has been provided access to the appellate record. Counsel
also has filed a motion to withdraw and by letter informed appellant of his right to file a pro
se response. Id. at 646. By letter dated March 25, 2005, this Court also notified appellant
of his opportunity to submit a response to the Anders brief and motion to withdraw filed by
his counsel, granting him until April, 25, 2005, to do so. Appellant has not filed a response.
The State has not filed a brief in this appeal. 

 In conformity with the standards set out by the United States Supreme Court, we will
not rule on the motion to withdraw until we have independently examined the record. 
Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.-San Antonio 1997, no pet.). If this court
determines the appeal has merit, we will remand it to the trial court for appointment of new
counsel. See Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

 The first two potential issues raised by counsel concern the effect of a failure of the
trial court to advise appellant of the applicable range of punishment during the hearing
adjudicating his guilt. The first issue discusses whether such failure shows appellant's plea
was not knowing and voluntary. The second examines the same default as a violation of
article 26.13(a) of the Code of Criminal Procedure. See Tex.Code.Crim. Proc. Ann. art.
26.13 (Vernon 1989 & Supp. 2004).

 Article 26.13(d) expressly authorizes the admonitions required by that statute to be
given orally or in writing. The written plea admonishments signed by appellant on June 11,
2002 properly set out the range of punishment applicable to the offense charged. Appellant
was sentenced within that range. Article 26.13(a)(1) requires only that a court advise a
defendant of the applicable punishment range before accepting a plea of guilty. It does not
require the admonition be repeated prior to adjudicating guilt when adjudication has been
deferred. 

 The third potential issue raised by counsel discusses the standards for determining
whether a defendant has been denied reasonably effective assistance of counsel. That
discussion does not make reference to the record indicating appellant's trial counsel's
performance was deficient, or that any deficiencies in his performance prejudiced the
defense. See Strickland v. Washington, 466 U.S. 668, 104, S.Ct. 2052, 80 L.Ed.2d 674
(1984). 

 Our review convinces us that appellate counsel conducted a complete review of the
record. We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Stafford,
813 S.W.2d at 511. We agree it presents no meritorious grounds for review. We grant
counsel's motion to withdraw and affirm the judgment of the trial court.


 James T. Campbell

 Justice


Do not publish. 



pter 14 to
the best of his ability and cannot submit information to the court about previous lawsuits
for which he no longer has records because of TDCJ's policy to deny him possession of
his records for lawsuits no longer active in courts. Additionally, he did not originally list his
federal court lawsuits because Chapter 14 does not make it clear that previous suits filed
in federal court are required. Appellant also contends that to place the burden on him to
submit information about all of his previous lawsuits denies him due process. Further,
when appellant stated in his affidavit that none of the previous lawsuits were substantially
similar to this case, that statement, he posits, should have been accepted as true unless
contradicted by appellees, who allegedly have possession of his previous filings.

 It has been held that the statute requiring an inmate to file an affidavit regarding his
previous lawsuits does not violate due process principles. Hicks v. Brysch, 989 F.Supp.
797, 822 (W.D. Tex. 1997). The statute places the burden on appellant to provide all of
the information necessary for the court to make a determination that the lawsuit is not
substantially similar to any previous filings. Since appellant made those filings pro se, he
should have personal knowledge as to the content of those filings and their outcomes. 
The fact that the prison system rules may not allow appellant to maintain in his prison
housing all records of the 26 lawsuits he has filed in the 23 years he has been
incarcerated does not negate the statutory requirement. The application of the rule is not
unreasonable merely because of the volume of previous litigation. Thomas v. Bush, 23
S.W.3d 215, 218 (Tex.App.--Beaumont 2000, pet. denied). 

 Moreover, an inmate's allegation in an affidavit that he has not filed any previous
lawsuit concerning the subject matter of the cause of action does not meet the statutory
requirements. The intent of section 14.004 is to curb constant and often duplicative inmate
litigation. Clark, 23 S.W.3d at 422. If the legislature had intended for that purpose to be
accomplished by the inmate merely stating he has filed no previous lawsuit concerning the
subject matter of the current litigation, it would not have imposed a requirement that he
provide specific and detailed information about all previous litigation. Appellant has
indicated that at least one of his previous lawsuits involved the loss of his property and
some of his previous lawsuits have been dismissed as frivolous, although he has not
provided any details about that litigation. Appellant also admits to having filed at least 14
other cases for which he has provided no details. The court may assume that the suit is
substantially similar to previously filed suits when the inmate does not state the operative
facts so that the trial court may consider and determine the similarity of the claims. 
Jackson v. Texas Dept. of Criminal Justice - Institutional Div., 28 S.W.3d 811, 814
(Tex.App.--Corpus Christi 2000, pet. denied). 

 We believe that the lawsuits required to be listed are not limited to state court
proceedings; however, even if we consider all of the lawsuits listed in appellant's amended
affidavit, he has admitted filing numerous other lawsuits for which no information has been
provided. Also, the information provided in the amended affidavit does not meet all of the
statutory requirements. Accordingly, we find that the trial court did not abuse its discretion
in dismissing the lawsuit as frivolous, and we affirm the judgment of the court. 


 John T. Boyd

 Chief Justice


Do not publish.
1. Parenthetically, we note that two identical orders were entered by the trial court -
one signed December 10, 2001, by Judge John Board and one signed December 17,
2001, by Judge David Gleason.