Affirmed as Modified and Memorandum Opinion filed April 16, 2009








Affirmed as
Modified and Memorandum Opinion filed April 16, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00726-CV

____________

 

CARLOS A. L. VAUGHN, Appellant

 

V.

 

NATRENIA L. HICKS, RUSSELL D. MITTACH, JAY A. NORTH,
DARRON A. LANE, WADE A. KING, JR., JOE N. ROSS, FREDDIE M. ENGLISH, AND
GWENDOLYN J. SPURLOCK, Appellees

 



 

On Appeal from the 3rd District Court

Anderson County, Texas

Trial Court Cause
No. 08-0079

 



 

M E M O R
A N D U M   O P I N I O N

Appellant
Carlos A. L. Vaughn appeals from the dismissal of his pro se inmate case
brought in forma pauperis against appellees Natrenia L. Hicks, Russell D.
Mittach, Jay A. North, Darron A. Lane, Wade A. King, Jr., Joe N. Ross, Freddie
M. English, and Gwendolyn J. Spurlock.  We affirm.








In his
first issue, appellant claims the trial court erred in dismissing his suit.  Appellant
asserts the trial court did not have the authority to dismiss his claim for the
reason given or to dismiss his claims with prejudice.  Appellant further argues
that federal claims brought under 42 U.S.C. section 1983 are not subject to
dismissal under Chapter 14 of the Texas Civil Practice and Remedies Code.  

In its
order, the trial court found appellant=s claims Ato be frivolous or malicious.@  The record reflects that appellant=s affidavit of previous filings lists
eleven (11) lawsuits.  Although the affidavit indicates the legal nature of the
suits, the descriptions of the suits do not state the operative facts for
which relief was sought.  See Tex. Civ. Prac. & Rem. Code Ann. ' 14.004(a)(2)(D).  Accordingly, the
trial court was unable to determine whether appellant=s underlying claims are substantially
similar to his previous suits and therefore frivolous. See Tex. Civ.
Prac. & Rem. Code ' 14.003(b)(4).  Based on appellant=s failure to comply with section
14.004, the trial court was entitled to presume the current suit was frivolous
or malicious and to dismiss the suit.  See Bell v. Texas Dept. of Criminal
Justice - Institutional Div., 962 S.W.2d 156, 157 (Tex. App. B Houston [14th Dist.] 1998, pet.
denied).  Accordingly, appellant=s complaint in his first issue that
the trial court erred in dismissing his suit is overruled.

Appellant=s further complaint regarding the
dismissal Awith prejudice@ is sustained.  A dismissal for failure to comply with the
conditions in section 14.004 is not a dismissal on the merits, but rather an
exercise of the trial court=s discretion under chapter 14 of the Civil Practice and
Remedies Code.  See Hickman v. Adams, 35 S.W.3d 120, 124 (Tex.App.B Houston [14th Dist.] 2000, no
pet.).  We modify the trial court=s judgment to delete the words Awith prejudice.@








Appellant=s last complaint of his first issue
is that section 1983 claims are not subject to dismissal under chapter 14. AStates may apply their own neutral
procedural rules to federal claims, unless those rules are pre‑empted by
federal law.@  Thomas v. Bush, 23 S.W.3d 215, 217-18 (Tex. App. B Beaumont 2000, pet. denied) (citing Howlett
v. Rose, 496 U.S. 356, 372, 110 S.Ct. 2430, 2440-41, 110 L.Ed.2d 332, 351
(1990)).  Section 1983 claims brought in federal court by inmates litigating in
forma pauperis are subject to substantially similar requirements as those
imposed by chapter 14.  Id.  Accordingly, the requirements of chapter 14
do not conflict with section 1983.  See Thomas v. Wichita General Hospital,
952 S.W.2d 936, 940 (Tex. App. B Fort Worth 1997, pet. denied).  Appellant=s complaint is without merit.

Because
we have determined the trial court did not abuse its discretion in dismissing
appellant=s suit, we need not address appellant=s remaining issues.  See Tex.
R. App. P. 47.1.

We
reform the judgment to provide the cause is dismissed without prejudice.  As
modified, the judgment is affirmed.

PER CURIAM

 

 

Panel consists of Justices Seymore, Brown, and
Sullivan.