IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00389-CV

 

Jeremy Fernandez,

                                                                                    Appellant

 v.

 

T.D.C.J., et al.,

                                                                                    Appellees

 

 

 



From the 12th District
Court

Walker County, Texas

Trial Court No. 24,184

 



Opinion



 








            Jeremy Fernandez, a state
prison inmate, appeals the trial court’s frivolousness dismissal of his suit
against the Texas Department of Criminal Justice-Correctional Institutions
Division (TDCJ) and several TDCJ officials or employees: Director Nathaniel
Quarterman, Assistant Administrator V. L. Brisher, Assistant Warden Lonny L.
Johnson, Lieutenant James Curry, Sergeant Joshua T. Reid, Corrections Officer
John W. Barkin, and Property/Corrections Officer Lawonda Hightower.

            Fernandez’s claims center
around the alleged wrongful confiscation by TDCJ employees of numerous packages
of food from his personal storage locker.  He alleged in his original “complaint”
that, during a “necessities shakedown” in his cell block at the Wynne Unit,
Reid seized these items because Fernandez could not produce commissary receipts
to show that he had purchased every package of food in his possession.  Fernandez
claims that he tried to show Reid all of his receipts but Reid demanded to see
“only two (2) receipts showing that you bought all of this.”  Because the two
receipts Fernandez produced did not account for all of the food in his locker,
Reid seized every package, including: 15 pot roasts, 47 packages of tuna, 19
packages of coffee, 21 packages of chili with beans, 11 packages of chili
without beans, 3 packages of refried beans, 20 summer sausages, 2 packages of
party mix, and 8 holiday pies.  Reid also seized 60 stamped envelopes and a
pair of nail clippers.[1] 
Reid directed Barkin to fill out a confiscation form and to “write up” Fernandez
for the disciplinary violation of possession of contraband, namely, possession
of commissary items without proof of ownership.

            Fernandez alleges that he
produced all his receipts at the disciplinary hearing but Curry determined that
he was “about 20 meat packages short of the total amount.”  Fernandez asked
that all items for which he had provided proof of purchase be returned to him,
but this request was denied.  He was found guilty of the disciplinary violation
and punished by a 15-day cell restriction and a 15-day suspension of commissary
privileges.

            Fernandez presented his
receipts to Hightower a week later.  She told him that she was going to check
them against the commissary’s computer records because they were “too old.” 
The next day, she advised him that the items would not be returned.  Johnson
denied his Step 1 Grievance, finding that the seized items had been “improperly
stored”[2]
and that Fernandez had “failed to provide the appropriate documentation” to
prove ownership.  Brisher denied Fernandez’s Step 2 Grievance, finding that the
items were confiscated because ownership was questioned and he had “failed to prove
appropriate proof of authorized possession.”

            Fernandez alleges six causes
of action in his complaint:  a claim under the Texas Tort Claims Act that the
defendants caused “injury to and the loss of personal property which was caused
by the condition or use or misuse of tangible personal or real property
belonging to the State”; a claim that defendants seized his property without
due process of law in violation of article I, section 19 of the Texas
Constitution; a claim that TDCJ Administrative Directive 03.72, which requires
an inmate to prove ownership of goods from the commissary with a receipt “that
is no more than 60 days old,” is unconstitutional; an inverse-condemnation
claim; a conversion claim; and a claim under 42 U.S.C. § 1983 that the
individual defendants violated his civil rights.

            The defendants filed a
motion to dismiss under chapter 14 of the Civil Practice and Remedies Code,
alleging that Fernandez’s suit was frivolous because he failed to exhaust his
grievances with regard to the inverse-condemnation claim and because his claims
have no arguable basis in law or in fact.  Specifically, they alleged: (1) all
his claims are barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364,
129 L.Ed.2d 383 (1994); (2) his claim under the Texas Tort Claims Act has no
basis in law; (3) his due-process claim has no basis in law; (4) he failed to
exhaust his administrative remedies for his inverse-condemnation claim; (5) AD-03.72
is constitutional because it serves a legitimate penological interest; and (6)
his Fourth Amendment rights were not violated because the seizure served a
legitimate penological interest.  The trial court granted the motion without
specifying the basis for its ruling.  Fernandez appeals, asserting six issues.

Heck v. Humphrey

            In his first issue,
Fernandez asserts that his suit is not barred by Heck v. Humphrey.  In Heck,
the Supreme Court held that

when a state prisoner seeks damages in a
§ 1983 suit, the district court must consider whether a judgment in favor of
the plaintiff would necessarily imply the invalidity of his conviction or
sentence; if it would, the complaint must be dismissed unless the plaintiff can
demonstrate that the conviction or sentence has already been invalidated.

 

Heck, 512 U.S. at 487, 114 S.Ct. at 2372.  Later, the Court
applied this principle to a section 1983 suit alleging due-process violations
in an inmate disciplinary hearing that resulted in the loss of 30 days’ good-time
credit.  See Edwards v. Balisok, 520 U.S. 641, 643, 117 S.Ct. 1584, 1586,
137 L.Ed.2d 906 (1997).  The Court observed that the plaintiff’s primary
complaint “would, if established, necessarily imply the invalidity of the
deprivation of his good-time credits.”  Id.
at 646, 117 S.Ct. at 1588.  The Court held that the plaintiff’s claims for
declaratory relief and money damages under section 1983 were barred to the
extent they would, if established, necessarily imply the invalidity of the
lawfulness of his continuing confinement.[3] 
See id. at 648, 117 S.Ct. at 1589.

            Appellees contend that Edwards
extends Heck to all inmate-discipline decisions.  They argue that “for
Appellant’s cause of action to be cognizable he must prove the disciplinary
decision has been reversed on direct appeal, expunged by executive order,
declared invalid by a state tribunal authorized to make such determination, or
called into question by a federal court’s issuance of a writ of habeas corpus.” 
However, the Supreme Court has expressly rejected this interpretation of Heck
and its progeny.

            In Muhammad v. Close,
a confrontation between Muhammad, an inmate, and Close, a prison official, led
to Muhammad being found guilty of the disciplinary infraction of insolence, for
which he was required to serve a period of detention and was deprived of
privileges for 30 days.  Muhammad v. Close, 540 U.S. 749, 752-53, 124 S.Ct.
1303, 1305, 158 L.Ed.2d 32 (2004) (per curiam).  Muhammad then filed a section
1983 suit alleging that these disciplinary proceedings were instituted in
retaliation for prior lawsuits and grievances filed against Close.  The federal
district court granted Close’s summary-judgment motion on the merits.  The
Sixth Circuit affirmed, holding that the suit was barred by Heck.  Id. at 753-54, 124 S.Ct. at 1306.

            The Supreme Court reversed,
characterizing the proposition that “Heck applies to all suits
challenging prison disciplinary proceedings” as a “mistaken view.”  Id. at 754, 124 S.Ct. at 1306.  The Court observed, “[T]hese
administrative determinations do not as such raise any implication about the
validity of the underlying conviction, and although they may affect the
duration of time to be served (by bearing on the award or revocation of
good-time credits) that is not necessarily so.”  Id.  The Court reaffirmed this understanding one year later.  See
Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S.Ct. 1242, 1248, 161 L.Ed.2d
253 (2005) (permitting prisoners to challenge constitutionality of parole
proceedings because prevailing in the lawsuit would result in only a new parole
hearing and not necessarily a “speedier release”).

            Fernandez’s suit challenges
the propriety of the prison disciplinary proceeding against him for possession
of contraband.  Success, if any, in this suit will not necessarily result in
his speedier release from prison on the sentence he is serving for his
underlying conviction.  See id.; Muhammad, 540 U.S. at
754, 124 S.Ct. at 1306.  We sustain Fernandez’s first issue on this narrow
basis and proceed to address the remaining grounds raised in the motion to
dismiss.

Exhaustion of Remedies

            Fernandez claims in his
third issue that the trial court erred in dismissing his suit to the extent
that dismissal was based on the defendants’ assertion that he failed to exhaust
his administrative remedies.  The defendants assert that Fernandez failed to
exhaust available administrative remedies only with regard to his inverse-condemnation
claim.  They argued in the dismissal motion that he “never specifically grieved
the absence of just compensation” in his grievances.  However, an inmate need
not specify particular legal theories in his grievance.  Rather, the grievance
must provide prison officials with notice of the relevant “operative facts” that
serve as the basis for his complaint.  See Tex. Gov’t Code Ann. § 501.008(d) (Vernon 2004); Brewer v.
Simental, 268 S.W.3d 763, 768-69 (Tex. App.—Waco 2008, no pet.) (citing Johnson
v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004) (“the primary purpose of a grievance
is to alert prison officials to a problem, not to provide personal notice to a
particular official that he may be sued”)).

            In Johnson, the Fifth
Circuit similarly concluded that an inmate grievance need not specify the
particular legal theories that he may choose to allege in a subsequent
lawsuit.  “[T]he purpose of the exhaustion requirement is to give prison
administrators an opportunity to address a problem, and they can do this
whether or not the prisoner tells them the constitutional provisions that the
problem implicates.  Further, TDCJ rules specifically instruct inmates to
provide facts, not legal terminology.”  Johnson, 385 F.3d at 518.  The
operative facts that the defendants allegedly seized property from Fernandez in
violation of his legal rights are clearly spelled out in his grievances. 
Nothing more was required.  See Brewer, 268 S.W.3d at 769. 
Fernandez’s third issue is sustained.

Arguable Basis in Law

            Fernandez’s sixth issue
asserts that the trial court erred by dismissing his suit as frivolous because
all his claims have an arguable basis in law and in fact.  His fifth issue asserts
that the trial court abused its discretion by dismissing his suit with
prejudice.

            A trial court may dismiss a
claim as frivolous under chapter 14 if “the claim has no arguable basis in law
or in fact.”  See Tex. Civ. Prac.
& Rem. Code Ann. § 14.003(a)(2), (b)(2) (Vernon 2002); Hamilton
v. Williams, 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied). 
“A claim has no arguable basis in law if it relies upon an indisputably
meritless legal theory.”  Hamilton, 298 S.W.3d at 339.  When, as here,
there has been no fact hearing, our review is limited to the question of
whether the claim has an arguable basis in law.[4] 
Id.; Brewer, 268 S.W.3d at 770.  We
may affirm the dismissal if it was proper under any applicable legal theory.  Hamilton
v. Pechacek, 319 S.W.3d 801, 809 (Tex. App.—Fort
Worth 2010, no pet.).  If the claim has no arguable basis in law, then
dismissal with prejudice is proper.  Hamilton, 298 S.W.3d at 340.

            Texas Tort Claims Act:
 Fernandez asserts a claim against the defendants under section 101.021(2) of the
Texas Tort Claims Act, alleging that he suffered injury and loss of the seized
property that was caused by the defendants’ use and misuse of prison documents. 
See Tex. Civ. Prac. & Rem.
Code Ann. § 101.021(2) (Vernon 2005) (“A governmental unit in the state
is liable for  .  .  .  personal injury and death so caused by a condition or
use of tangible personal or real property”).

            Under section 101.021(2), a
governmental unit can be liable only for “personal injury” or “death.”  Id.; see Jones v. Tex. Dep’t of Crim. Just.-Inst. Div.,
318 S.W.3d 398, 404-05 (Tex. App.—Waco 2010, pet. denied).  Fernandez alleges
that he suffered property damage, not personal injury.  His claim under the
Texas Tort Claims Act has no arguable basis in law.  See Jones,
318 S.W.3d at 404-05.

            Due Process:  Fernandez
claims that defendants seized his property without due process of law in
violation of article I, section 19 of the Texas Constitution.  A prison
official’s wrongful seizure of property does not violate due process if an
adequate post-deprivation remedy is provided.  See Brewster v. Dretke,
587 F.3d 764, 768 (5th Cir. 2009).  Texas law provides at least two such
remedies: (1) the tort of conversion; id.; and (2) an administrative remedy under
sections 501.007 and 501.008 of the Government Code.  See Tex. Gov’t Code Ann. §§ 501.007,
501.008 (Vernon 2004); Pechacek, 319 S.W.3d at 814.  Fernandez’s due-process
claim has no arguable basis in law.

            AD-03.72: Fernandez asserts that AD-03.72 is unconstitutional because it has no
legitimate basis and does not “serve any logical and penological interest.”  He
also claims that AD-03.72 was enforced against him in an arbitrary and capricious
manner.  These assertions are claims that AD-03.72 is unconstitutional on its
face and that Fernandez’s right to equal protection was violated by the manner
in which the regulation was enforced.

            “[W]hen a prison regulation
impinges on inmates’ constitutional rights, the regulation is valid if it is reasonably
related to legitimate penological interests.”  Turner v. Safley, 482
U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987); accord Williams v.
Lara, 52 S.W.3d 171, 193 (Tex. 2001).  The inmate bears the burden of
proving the invalidity of the challenged regulation.  Overton v. Bazzetta,
539 U.S. 126, 132, 123 S.Ct. 2162, 2168, 156 L.Ed.2d 162 (2003).

            We consider four factors in
deciding whether the regulation withstands constitutional challenge: (1)
whether the regulation has a “valid, rational connection” to a legitimate
governmental interest; (2) whether alternative means are available to exercise
the asserted right; (3) what impact an accommodation of the right would have on
prison personnel and resources; and (4) whether “ready alternatives” to the
regulation exist.  Id.; Turner, 482 U.S. at 89-91, 107 S.Ct. at 2261-62.

            The defendants proffered
several interests that they contend AD-03.72 serves.  They note that this
regulation enhances inmate safety and diminishes the threat of inmate violence
by removing a de facto currency and by mitigating the hoarding of
materials that may pose a fire hazard.  In addition, they note that an inmate
who maintains possession of a commissary item for more than 60 days can procure
a new receipt from the commissary for that item.

            Fernandez offers limited
argument in response to these assertions.  He does not question the legitimacy
of the interests asserted by the defendants other than to deny that the
regulation serves any legitimate interest.  His claim that AD-03.72 serves no
legitimate penological interest has no arguable basis in law.  See Johnson
v. Tex. Bd. of Crim. Just., No. 07-20396, 2008 WL 5069357, at *1 (5th Cir.
Dec. 2, 2008) (rejecting inmate’s challenge to constitutionality of
restrictions on storage space in AD-03.72).  However, Fernandez’s assertion
that AD-03.72 was enforced against him in an arbitrary and capricious manner
states an equal-protection claim with an arguable basis in law.  See Conway
v. Castro, No. 12-03-00373-CV, 2004 WL 1103584, at *3 (Tex. App.—Tyler May
12, 2004, no pet.) (mem. op.).

            Inverse Condemnation:
Fernandez claims that his property was taken for a public use without just
compensation.  This is an inverse-condemnation claim.  See Sw. Bell
Tel., L.P. v. Harris County Toll Rd. Auth., 282 S.W.3d 59, 61 (Tex. 2009)
(“To recover on an inverse-condemnation claim, a property owner must establish
that ‘(1) the State intentionally performed certain acts, (2) that resulted in
a “taking” of property, (3) for public use.’”) (quoting Gen. Servs. Comm’n
v. Little Tex Insulation Co., 39 S.W.3d 591, 598 (Tex. 2001)).  Specifically,
Fernandez asserts that his property was taken for a public use because AD-03.72
requires that seized property either be re-issued to another inmate or donated
to a charitable organization.  The disposition of seized property in
either fashion under AD-03.72 does not establish that the property was taken
for a public use.  See Tex. Dep’t of Crim. Just. v. Jackson, No.
01-07-00477-CV, 2008 WL 2209350, at *4-5 (Tex. App.—Houston [1st Dist.] May 29,
2008, no pet.) (mem. op.).  Fernandez’s inverse-condemnation claim has no
arguable basis in law.

            Conversion: 
Fernandez asserts that Reid and Barkin unlawfully converted his personal
property.

            To establish conversion of
personal property, a plaintiff must prove that: (1) the plaintiff owned or had
legal possession of the property or entitlement to possession; (2) the
defendant unlawfully and without authorization assumed and exercised dominion
and control over the property to the exclusion of, or inconsistent with, the
plaintiff’s rights as an owner; and (3) the plaintiff suffered injury.  United
Mobile Networks, L.P. v. Deaton, 939 S.W.2d 146, 147-48 (Tex. 1997); Apple
Imports, Inc. v. Koole, 945 S.W.2d 895, 899 (Tex. App.—Austin 1997, pet.
denied).  If the defendant originally acquired possession of the plaintiff’s
property legally, the plaintiff must establish that the defendant refused to
return the property after the plaintiff demanded its return.  Presley v.
Cooper, 155 Tex. 168, 284 S.W.2d 138, 141 (1955); Apple Imports, 945
S.W.2d at 899.

 

Lopez v. Lopez, 271 S.W.3d 780, 784 (Tex. App.—Waco 2008,
no pet.).

            Fernandez makes no allegation
or showing that Reid or Barkin has the power or duty to return wrongfully
seized property.  Accordingly, his conversion claim has no arguable basis in
law.  See Simmonds v. TDCJ, No. 10-07-00361-CV, 2010 WL 654498,
at *6 (Tex. App.—Waco Feb. 24, 2010, no pet.) (mem. op.).

            Section 1983:  Fernandez
makes various claims against the individual defendants under section 1983.  He
contends that Quarterman violated his rights “by making or authorizing a policy
that he knew or should have known would cause offenders to be deprived of their
du[e] process right to own personal property.”  He asserts that Brisher and
Johnson violated his rights by failing “to stop the unlawful and
unconstitutional acts of [their] subordinates,” by acquiescing in their
actions, and by providing false information to conceal the subordinates’
alleged misconduct.  He similarly asserts that Curry violated his rights by
failing “to stop unlawful acts of his subordinates” and by acquiescing in their
actions.  He also claims that Curry violated his rights by denying him the
right to call witnesses and confront his accusers and by violating TDCJ
policies.  He asserts that Reid violated his rights by illegally confiscating
his property.  He contends that Barkin violated his rights by illegally
confiscating his property and by fraudulently completing the required TDCJ
paperwork.  And he contends that Hightower violated his rights by refusing to
return his property once he produced receipts for most of the seized items as
required by TDCJ policy.

            Fernandez’s section 1983
claim against Quarterman hinges on AD-03.72 being found unconstitutional.  We
have already concluded, however, that AD-03.72 is constitutional on its face
because it “is reasonably
related to legitimate penological interests.”  See Overton, 539 U.S. at
132, 123 S.Ct. at 2167; Turner, 482 U.S. at 89, 107 S.Ct. at 2261; Williams,
52 S.W.3d at 193.  Accordingly, this claim has no arguable basis in law.

            Fernandez’s section 1983
claims against Brisher, Johnson, Curry, Reid, Barkin, and Hightower all hinge
on their alleged failure to comply with various TDCJ policies regarding the
seizure of contraband and the conduct of disciplinary hearings.  “[A] prison
official’s failure to follow the prison’s own policies, procedures or
regulations does not constitute a violation of due process, if constitutional
minima are nevertheless met.”  Brewster, 587 F.3d at 768 (quoting Myers
v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996)).  Fernandez has at least
two constitutionally adequate post-deprivation remedies: (1) the tort of conversion;
see id.; and (2) an administrative remedy under
sections 501.007 and 501.008 of the Government Code.  See Tex. Gov’t Code Ann. §§ 501.007,
501.008; Pechacek, 319 S.W.3d at 814.  Thus, his section 1983 claims
against the remaining defendants have no arguable basis in law.

            In conclusion, all of
Fernandez’s claims, except his equal-protection claim, have no arguable basis
in law.  Aside from the equal-protection claim, the trial court did not abuse
its discretion in dismissing his claims with prejudice.  See Hamilton,
298 S.W.3d at 340.  We sustain in part and overrule in part Fernandez’s fifth
and sixth issues.

Opportunity to Amend

            Fernandez asserts in his fourth
issue that the trial court abused its discretion by failing to rule on his
motion for leave to amend his complaint to correct defects.  Dismissal with
prejudice is a ruling on the merits and is improper if based on procedural
defects that the inmate can correct.  Id.  But if the claim has no
arguable basis in law, then dismissal with prejudice is appropriate and no
opportunity to amend need be given.  See id.

            The trial court properly
dismissed all but the equal-protection claim with prejudice because the claims
have no arguable basis in law.  Accordingly, the trial court did not abuse its
discretion by failing to rule on Fernandez’s motion for leave to amend his
complaint.  Fernandez’s fourth issue is overruled.

Open Courts

            Fernandez claims in his
second issue that the trial court violated the open-courts provision of article
I, section 13 of the Texas Constitution by dismissing his claims, rather than
permitting him to have a jury trial.  Several courts have concluded that the
provisions of Chapter 14 do not violate the open-courts provision.  See Hughes
v. Massey, 65 S.W.3d 743, 745 (Tex. App.—Beaumont 2001, no pet.); Sanders
v. Palunsky, 36 S.W.3d 222, 226-27 (Tex. App.—Houston [14th Dist.] 2001, no
pet.); Thomas v. Bush, 23 S.W.3d 215, 218 (Tex. App.—Beaumont 2000, pet.
denied); see also Gowan v. Tex. Dep’t of Crim. Just., 99 S.W.3d 319, 323
(Tex. App.—Texarkana 2003, no pet.).  We agree and overrule Fernandez’s second
issue.

In conclusion, having sustained in part
Fernandez’s fifth and sixth issues, we reverse in part the trial court’s order dismissing
Fernandez’s suit as frivolous and remand this case for further proceedings.  We
otherwise affirm the trial court’s dismissal order.

 

 

REX D. DAVIS

Justice

 




Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief Justice Gray dissents.  A
separate opinion will not issue.  He notes, however, that he would affirm the
trial court’s judgment in its entirety and assess all appellate costs against
appellant.)

Affirmed in
part; reversed and remanded in part

Opinion
delivered and filed December 22, 2010

[CV06]









[1]
The TDCJ Disposition of Confiscated
Offender Property form indicates that Reid seized only 10 pot roasts, 37
packages of tuna, 19 packages of coffee, 16 packages of chili with beans, and 6
packages of chili without beans.  Fernandez disputes these numbers.





[2] The Disposition of Confiscated Offender
Property form reflects that the “Reason for Confiscation” of the items was
“Ownership Questioned,” not “Improperly Stored.”





[3]
The Court remanded the case for
reconsideration of the inmate’s claims for prospective relief that did “not necessarily
imply the invalidity of a previous loss of good-time credits.”  Edwards,
520 U.S. at 648-49, 117 S.Ct. at 1589.





[4]
The predominant focus of the
hearing on the defendants’ motion to dismiss Fernandez’s suit as frivolous was
on the defendants’ argument that Fernandez’s claims were barred by Heck v.
Humphrey.