

NUMBER 13-12-00055-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**CHARLES W. BISHOP II,**                                         **Appellant,**

**v.**

**TROY LEE PERKINS AND**
**JEANINE MAY JOHNSON,**                                    **Appellees.**

---

### On appeal from the 411th District Court
### of Polk County, Texas.

---

# MEMORANDUM OPINION[1]

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Rodriguez

This is an appeal by an inmate from an order dismissing his civil suit as frivolous.

*See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002-.024 (West 2002 & Supp. 2011)

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

(providing for inmate litigation). Appellant Charles W. Bishop II appeals the dismissal of his suit against appellees Troy Lee Perkins and Jeanine May Johnson.[2] By a single issue, Bishop asserts an open-courts challenge, contending that the trial court erred in dismissing his suit because (1) he pleaded a common-law cause of action and no substituting remedy was offered, and (2) the dismissal was not a reasonable exercise of police power in the interest of the general welfare. *See* TEX. CONST. art. I, § 13. We affirm.

## I. Background[3]

Bishop is an inmate in the Texas Department of Criminal Justice. On August 16, 2011, Bishop, proceeding pro se, filed this lawsuit against Perkins and Johnson, asserting fraud, breach of contract, conspiracy, theft of trade secrets, and tortious interference with prospective contractual relationships. With his petition, Bishop filed an affidavit of inability to pay costs. Bishop also filed an affidavit of previous suit filings. He did not include in the affidavit any prior-suit information as required by section 14.004. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a)-(b) (West Supp. 2011). Rather, Bishop declared that he had filed prior suits but "was unable to obtain information of [his] previous suit filings due to the clerk[']s refusal to provide the information unless [he] first pa[id] for it."[4] Bishop further set out in his affidavit that he had established his

---

[2] Appellees did not file a brief.

[3] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[4] Ten years ago, Bishop filed an affidavit of prior lawsuits in *Bishop v. Lawson,* a suit filed against prison officials in the Texas Department of Criminal Justice—Institutional Division and the Bexar County Detention Center. *See* 131 S.W.3d 571, 572 (Tex. App.—Fort Worth 2004, pet. denied). In that affidavit, Bishop listed twenty-one suits he had filed between 1999 and 2002 in state court and federal court. *Id.* at

constitutional guaranteed right to redress, commonly referred to as the open-courts provision, because he had pleaded a common law cause of action. *See* TEX. CONST. art. I, § 13.

The trial court found that Bishop's lawsuit was governed by chapter fourteen of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002-.024. It also found that Bishop's affidavit or other declaration describing his prior lawsuits failed to: (1) identify each previous suit brought; (2) describe each previous suit; (3) state operative facts for which the relief was sought; (4) list the style, cause number, and court in which a previous suit was brought; (5) identify each party named in a previous suit; (6) state the result of each previous suit; or (7) state the date the final order affirming the dismissal if any previous suit was dismissed as frivolous or malicious. *See id.* § 14.004(a)-(b). Because these are requirements for one bringing suit pro se and in forma pauperis, the trial court dismissed Bishop's lawsuit without prejudice as frivolous under section 14.003(b)(4). *See id.* § 14.003(b)(4) (West 2002). After the trial court entered its ruling, Bishop filed a "motion objecting to the court's order to dismiss as frivolous." In his motion, Bishop developed his open-courts argument. This appeal followed.

## I. Applicable Law and Standard of Review

The Texas Constitution provides the following open-courts guarantee: "All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13.

---

575. Our research reveals that since that time Bishop has filed at least three additional lawsuits and numerous original proceedings in state court.

3

This provision provides that, among other rights, meaningful remedies must be afforded "so that the legislature may not abrogate the right to assert a well-established common law cause of action unless the reason for its action outweighs the litigants' constitutional right of redress." *Trinity River Auth. v. URS Consultants, Inc.*, 889 S.W.2d 259, 261 (Tex. 1994) (quoting *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 448 (Tex. 1993)).

Bishop relies on *Texas Worker's Compensation Commission v. Garcia*, which sets out the following test for the open-courts guarantee:

> [Thus, it may be seen that l]egislative action withdrawing common-law remedies for well established common-law causes of action for injuries to one's "lands, goods, person or reputation" is sustained only when it is reasonable in substituting other remedies, or when it is a reasonable exercise of the police power in the interest of the general welfare. [Legislative action of this type is not sustained when it is arbitrary or unreasonable.]

893 S.W.2d 504, 520-21 (Tex. 1995) (quoting *Trinity River Auth.*, 889 S.W.2d at 262); *see Lebohm v. City of Galveston*, 154 Tex. 192, 275 S.W.2d 951, 955 (Tex. 1955) (op. on reh'g).

In determining whether a claim is frivolous or malicious under chapter 14, a trial court may consider, among other things, whether the claim is "substantially similar to a previous claim filed by the inmate" that "arises out of the same operative facts." TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(4); *see Hall v. Treon*, 39 S.W.3d 722, 724 (Tex. App.—Beaumont 2001, no pet.); *see also Thomas v. Skinner*, 54 S.W.3d 845, 847 (Tex. App—Corpus Christi 2001, pet. denied). In order to assist with that determination, section 14.004 requires that an inmate plaintiff describe each lawsuit previously filed, including the operative facts, identifying information about the suit, and the outcome.

4

*See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a)(2), (b). When an inmate files an affidavit or declaration that fails to comply with the requirements of section 14.004, "the trial court is entitled to assume that the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous." *Bell v. Tex. Dep't of Criminal Justice*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(4). The standard of review for the dismissal of a frivolous claim pursuant to chapter 14 is an abuse of discretion. *Jackson v. Tex. Dep't of Criminal Justice-Inst'l Div.*, 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi 2000, pet. denied).

## II. Open-Courts Guarantee

By a single issue, Bishop complains that the trial court erred in dismissing his lawsuit as frivolous. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003. Bishop does not dispute that he did not provide the required information regarding prior lawsuits. Instead, he argues that the statutory requirements are unreasonable and violate his constitutional right to open courts.

Texas courts, including this one, have addressed similar challenges and have rejected them. *See Hines v. Massey*, 79 S.W.3d 269, 271 (Tex. App.—Beaumont 2002, no pet.) (determining that "[t]he procedural requirements of Chapter 14 apply equally to all suits brought by Texas inmates in forma pauperis"); *Hughes v. Massey*, 65 S.W.3d 743, 745 (Tex. App.—Beaumont 2001, no pet.) (concluding that chapter 14 does not violate the open-courts provision of the Texas Constitution); *Thomas v. Bilby*, 40 S.W.3d 166, 170-71 (Tex. App.—Texarkana 2001, no pet.) (holding that chapter 14 does not deny inmates equal protection and is not a "special law" forbidden by the Texas Constitution);

*Sanders v. Palunsky*, 36 S.W.3d 222, 226 (Tex. App.—Houston [14th Dist.] 2001, no pet.) ("Requiring indigent inmates to file affidavits related to their previous filings . . . furthers the legitimate, even compelling, state interest in protecting scarce judicial resources from the continued onslaught of prisoners who abuse the judicial system by filing frivolous civil lawsuits."); *Randle v. Wilson*, 26 S.W.3d 513, 516 (Tex. App.—Amarillo 2000, no writ) (determining that appellant did not demonstrate that time restrictions on filing claims were unreasonable); *Thomas v. Bush*, 23 S.W.3d 215, 218 (Tex. App.—Beaumont 2000, pet. denied) (concluding sections 14.004 and 14.005 do not offend the Supremacy Clause because federal law imposes substantially similar requirements on inmates litigating in forma pauperis); *Thomas v. Wichita Gen. Hosp.*, 952 S.W.2d 936, 940 (Tex. App.—Fort Worth 1997, pet. denied) (finding that chapter 14 does not violate inmates's First Amendment right to petition the government for redress of grievances); *see also Amir-Sharif v. Quarterman*, No. 13-09-00054-CV, 2010 Tex. App. LEXIS 6756, at *10-14 (Tex. App.—Corpus Christi Aug. 19, 2010, pet. denied) (mem. op.) (quoting *Hicks v. Brysch*, 989 F. Supp. 797, 822 (W.D. Tex. 1997) ("Restrictions on the ability o[f] indigent prisoners to proceed [i]n [f]orma [p]auperis do not implicate any constitutionally-protected right per se.")); *Richard v. Dretke*, No. 14-08-00714-CV, 2009 Tex. App. LEXIS 2261, at *14 (Tex. App.—Houston [14th Dist.] Apr. 7, 2009, no pet.) (mem. op.) (providing that chapter 14 is presumed constitutional and does not violate the Due Course of Law Clause of the Texas Constitution or the Due Process Clause of the United States Constitution, which are "nearly identical").

Nonetheless, Bishop claims that neither prong of *Garcia* is satisfied, and therefore, the statute violates the open-courts provision. *See* 893 S.W.2d at 520-21 (citing

*Lebohm*, 275 S.W.2d at 955).   Under the first prong of the *Garcia* test, Bishop asserts that the purpose behind this chapter 14 legislation—to prevent frivolous litigation—is not advanced by preventing his well-established common law breach of contract claim from going forward.   *See id.*   Bishop argues the statute is arbitrary and unreasonable because it neither substitutes nor leaves in place a reasonable alternative remedy for the rights withdrawn.   *See id.*   However, sections 14.004 and 14.005 impose procedural requirements on pro se indigent inmates to enable the trial court to discern whether a claim is frivolous, thereby curbing constant, often duplicative, inmate litigation, or to compel a litigant to take action to enable a trial court to timely and efficiently address legitimate claims.   *Bush*, 23 S.W.3d at 218; *Randle*, 26 S.W.3d at 516.   Bishop has not established how the complained-of procedural limitations, which he argues prevented him from going forward with his claim without providing a reasonable alternative, fail to advance the statute's purpose.   We cannot agree that the restrictions are unreasonable or arbitrary when balanced against the underlying purposes of the statute.   See *Bush*, 23 S.W.3d at 219.   Therefore, this argument fails.

Under the second prong of the *Garcia* test, Bishop complains that section 14.004 does not constitute a reasonable exercise of police power and that this Court must independently determine if the Legislative action constitutes a reasonable exercise of police power.   *See Garcia*, 893 S.W.2d at 520-21.   Bishop makes the following argument:

> This determination must be <u>searching</u>.   It is not satisfied by a mere finding that the statute is rationally related to a legitimate state interest, for such limited review would give the open courts provision no separate import, at least as to redress, from due course of law.   *See* <u>Le Croy v. Hanlon</u>, 713 S.W.2d at 340-41.

7

Rather, I believe it is satisified [sic] only if the statute bears a reasonable relationship to its stated goal of ameliorating a rationally perceived social evil. A "reasonable exercise of the police power in the interest of the general welfare: thus requires that the statute address an important, not merely a legitimate, state interest, that such interest be perceived and articulated by the state, and that the remedies provided bear a real relationship to the social evil being addressed. These requirements . . . are similar to those employed in intermediate equal protection scrutiny, [s]ee L. Tribe. American Constitutional Law 1601-10, and are reminiscent of heightened substantive due process standards. See State v. Richards, 157 Tex. at 171, 301 S.W.2d at 602.

. . . .

Thus[,] I find the legislative solution to be unreasonably related or an "unacceptable" fit, to a[n] unrationally perceived social evil. The impact on Bishop should not be minimized, the denial of Bishop's claim is "an unreasonable exercise of the police power and not in the interest of the general welfare. Lucas v. U.S., 757 S.W.2d 687 (Tex. 1988).

Through this discourse, Bishop has not demonstrated how the restrictions constitute an unreasonable exercise of police power in this case. And we cannot agree that a social evil is required before such restrictions are imposed. Rather, we agree with the Fourteenth Court's determination that the modest requirements of chapter 14 further "the legitimate, even compelling, state interest in protecting scarce judicial resources from the continued onslaught of prisoners who abuse the judicial system by filing frivolous civil lawsuits." Sanders, 36 S.W.3d at 226 (citing Hicks, 989 F. Supp. at 823); see also White v. State, No. 12-09-00342-CV, 2011 Tex. App. LEXIS 1444, at *6 (Tex. App.—Tyler Feb. 28, 2011, no pet.) (mem. op.) ("The legislature enacted this modest requirement with the reasonable goal of preserving scarce judicial resources in light of what it perceived to be the burden of frivolous and malicious lawsuits by inmates."). We are not persuaded by Bishop's arguments.

8

Finally, Bishop's claim that he could not adhere to the requirements of section 14.004 because he was indigent does not defeat the reasonableness of these provisions. *See Bush*, 23 S.W.3d at 218; *Randle*, 26 S.W.3d at 516 (determining that appellant did not demonstrate that time restrictions on filing claims were unreasonable).[5]  His claim does not make the trial court's application of chapter 14 unreasonable in light of these provisions' purposes in this case.  *See Bush*, 23 S.W.3d at 218; *Randle*, 26 S.W.3d at 516.

We conclude that the prior-suit requirements of section 14.004 are reasonable restrictions and do not abrogate an inmate's rights under the open-courts provision of the Texas Constitution.  Bishop was required to include a statement of his prior lawsuits when he filed this case in the trial court.   Because he did not, the trial court was entitled to assume that this lawsuit was similar to previously filed litigation, to conclude that it was frivolous, and to dismiss it without prejudice.   *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.003(a)(2), (b)(4), 14.004(a)(2), (b); *Skinner*, 54 S.W.3d at 847; *Jackson*, 28 S.W.3d at 813; *Bell*, 962 S.W.2d at 158.   Accordingly, we overrule Bishop's sole issue.

### III.   Conclusion

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
17th day of May, 2012.

---

[5] This alleged fact falls short of the type of information required by the statute.   *See e.g., White v. State*, 37 S.W.3d 562, 563-65 (Tex. App.—Beaumont 2001, no pet.) (concluding that appellant's description of "Operative facts" in legal theory terms did not satisfy the requirement of the statute).