

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00062-CV

_____

ALLEN "F" CALTON, Appellant

V.

STEVE SCHILLER, ET AL., Appellees

_____

On Appeal from the 153rd District Court
Tarrant County, Texas
Trial Court No. 153-270690-14

_____

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Burgess

O P I N I O N

Allen "F" Calton, an inmate at the Michael Unit of the Texas Department of Criminal Justice, appeals from the trial court's order dismissing his lawsuit with prejudice.[1]  In his pro se brief, Calton argues that the trial court erred:  (1) in dismissing his claims against a former court reporter and several members of the Texas judiciary, (2) in failing to grant an injunction ordering the court reporter to submit a complete record, (3) in failing to grant his request for an injunction authorizing an out-of-time-appeal, (4) in failing to consider his ninth amended complaint, which was filed after the trial court's dismissals, and (5) by failing to appoint counsel for him because he is mentally ill.

We find that the trial court properly determined that judicial immunity bars Calton's claims against members of the Texas judiciary.  We further find no abuse of discretion in the trial court's determination that Calton's claims against the court reporter were frivolous under Chapter 14 of the Texas Civil Practice and Remedies Code.  Our rulings on these issues are dispositive of this appeal.  Accordingly, we affirm the trial court's judgment.

I.      **Factual and Procedural Background**

In 2004, Calton was convicted of attempted murder and was sentenced to life imprisonment.  Calton appealed his conviction to the Second Court of Appeals.  While his appeal was pending, Calton informed his appellate counsel that he had conducted several pretrial hearings

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to Section 73.001 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Second Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

pro se and requested that counsel obtain the transcripts from those hearings for him. Calton's counsel asked Steve Schiller, former official court reporter for the 213th Judicial District Court of Tarrant County, about those pretrial hearings. Schiller reported that the hearings pertained to other cases that the State had filed against Calton. Calton's conviction was affirmed by the Second Court of Appeals in November 2005. *See Calton v. State*, No. 2-04-228-CR, 2005 WL 3082202, at *1 (Tex. App.—Fort Worth Nov. 17, 2005, pet. withdrawn) (mem. op.). Although Calton's counsel filed a petition for discretionary review with the Texas Court of Criminal Appeals, Calton insisted that the petition be withdrawn.

Confident that Schiller failed to file a complete record on appeal, Calton filed a grievance against Schiller with the Court Reporter Certification Board. As a result of this grievance, Schiller was able to locate four transcripts of pretrial hearings that were, in fact, relevant to Calton's attempted murder case. Schiller stated that his inability to locate them previously arose from a misunderstanding "about where those pretrial cases started." He provided the four missing transcripts, but stated he could not transcribe four other pretrial hearings because he was not the court reporter who attended those hearings. The Board found that Schiller violated court reporter certification rules and issued a private reprimand.

Arguing that the "inadequate record" impeded his ability to pursue his legal claims on appeal, Calton sued Schiller. Additionally, Calton named the following as defendants in his lawsuit (1) Sharon Keller, presiding judge of the Texas Court of Criminal Appeals, (2) Terrie Livingston, Chief Justice of the Second Court of Appeals, (3) John Cayce, a former justice on the Second Court of Appeals, (4) Louis Sturns, presiding judge of the 213th Judicial District Court,

and (5) Bob Gill, the former presiding judge of the 213th Judicial District Court (collectively Judges). Specifically, Calton argued that the pretrial records were necessary to raise points of error asserting that a *Brady*[2] violation had occurred, that his statements to police were involuntary, and that his right to a speedy trial had been violated.

Calton raised claims under 42 U.S.C. Section 1983 and sued Schiller for, among other things, negligence, fraud, and breach of fiduciary duty. According to Calton's eighth amended complaint, which was the live pleading at issue, Schiller and the Judges were sued for (1) failing to prepare and file a complete and sufficient record on appeal, (2) delay in preparing relevant records "Resulting in the Excessive delay and retardation of Calton being Afforded an effective, Fair and meaningful Appeal,"[3] (3) alleged actions or inactions that resulted in the unconstitutional resolution of Calton's appeal, (4) failing to ensure that Calton was provided a complete record on appeal, and (5) for the "unconstitutional Appellate Procedure conducted during Calton's First Appeal As A matter of Right Due to utilizing an incomplete and insufficient Record on Appeal."

Although he admitted that all of the defendants, including Schiller, were government officials acting under the color of state law and sued the Judges in their official capacities, Calton sued Schiller both individually and in his official capacity. Calton sought over $1 million in monetary damages against Schiller. He also sought an injunction that authorized an out-of-time appeal and ordered Schiller to provide a complete record.

---

[2]*See Brady v. Maryland*, 373 U.S. 83 (1963).

[3]Calton stated that Schiller "belatedly and after an unreasonable and excessive delay located and transcribed some of the relevant pretrial records . . . . Nearly (8) years after Calton was sentenced . . . ."

In support of his claims, Calton filed an affidavit from his court-appointed appellate attorney in the attempted murder case, Barry J. Alford. In his affidavit, Alford clarified that Calton represented himself at his attempted murder trial. Alford swore that he raised points of error in Calton's appellate brief after a careful review of the record and that Calton never objected to the points of error raised and never indicated that he wished to raise any additional issues. Alford stated, "I was never advised by applicant until I received his post conviction application for writ of habeas corpus that he wished to pursue several grounds for error, including ineffective assistance of counsel, a *Brady* claim and a claim for newly discovered evidence." Alford also stated that he called Schiller after Calton stated that transcripts were missing from the appellate record and that Schiller advised that those transcripts concerned hearings on different cases involving Calton.[4]

Asserting both judicial and sovereign immunity, the Judges filed a motion to dismiss for lack of subject matter jurisdiction. On May 21, 2014, the trial court granted the Judges' motion to dismiss. Then, Schiller moved to dismiss the complaint on the basis of qualified immunity[5] and under Chapter 14 of the Texas Civil Practice and Remedies Code.[6] On June 1, 2015, the trial court

---

[4]Alford also reiterated that when he filed a petition for discretionary review after the court of appeals affirmed the trial court's judgment, Calton, on his own motion, asked that the petition for review be dismissed.

[5]*See Dallas Cty. v. Halsey*, 87 S.W.3d 552 (Tex. 2002).

[6]Schiller asserted the doctrine set forth in *Heck v. Humphrey*, where the Supreme Court held that a prisoner's claim for damages was not cognizable under 42 U.S.C. Section 1983 where the prisoner's underlying conviction had not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

granted Schiller's motion to dismiss pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code.

## II.   Judicial Immunity Bars Calton's Claims Against the Judges

Subject-matter jurisdiction is essential to a court's authority to resolve a case. *See Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638–39 (Tex. 1999) (per curiam). Whether the trial court has subject-matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002). The determination of whether a trial court has subject-matter jurisdiction begins with the pleadings. *Miranda*, 133 S.W.3d at 226. While the plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction, we construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the pleader's factual allegations. *See id.*; *City of Fort Worth v. Crockett*, 142 S.W.3d 550, 552 (Tex. App.—Fort Worth 2004, pet. denied). If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *See Peek v. Equip. Serv. Co. of San Antonio*, 779 S.W.2d 802, 804–05 (Tex. 1989); *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

Immunity from suit deprives a trial court of subject-matter jurisdiction. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). Calton argues that the trial court erred by dismissing his claims against the Judges. The Judges' motion to dismiss alleged both judicial immunity and sovereign immunity. The order granting dismissal did not specify the basis for dismissal. If dismissal was proper under either theory, the trial court's judgment will be affirmed.

6

*See Guar. Cty. Mut. Ins. Co. v. Reyna*, 709 S.W.2d 647, 648 (Tex. 1986) (per curiam); *In re Estate of Hutchins*, 391 S.W.3d 578, 585 (Tex. App.—Dallas 2012, no pet.).  Because we conclude that dismissal based on judicial immunity was proper, we do not reach the issue of sovereign immunity.

"A judge acting in his or her official judicial capacity enjoys absolute immunity from liability for judicial acts performed within the scope of jurisdiction."  *Kennedy v. Staples*, 336 S.W.3d 745, 752 (Tex. App.—Texarkana 2011, no pet.).  Here, the Judges enjoyed such immunity because Calton sued them in their official capacities.  *Albert v. Adelstein*, No. 02-13-00073-CV, 2013 WL 4017511, at *2 (Tex. App.—Fort Worth Aug. 8, 2013, no pet.) (per curiam) (mem. op.) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (explaining that judicial immunity extends to actions that are done in error, maliciously, and even in excess of the judge's authority)); *see Kennedy*, 336 S.W.3d at 752 ("Congress enacted the Federal Courts Improvement Act of 1996, which amended 42 U.S.C. § 1983 to provide that, in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, even injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.").

Calton acknowledges the rule of judicial immunity.  Yet, citing to *Pulliam v. Allen*, he argues that his Section 1983 claims are not barred because "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity."  *Pulliam v. Allen*, 466 U.S. 522, 541–44 (1984); *see Hailey v. Glaser*, No. 06-12-00065-CV, 2012 WL 5872869, at *2 (Tex. App.—Texarkana Nov. 21, 2012, no. pet.) (mem. op.).  We do not find that Calton sought prospective injunctive relief.

Calton asked for an injunction that would require the Judges to allow him an out-of-time appeal. To the extent that he "seeks injunctive relief as a 'post-conviction remedy,' such relief is unavailable." *Hailey*, 2012 WL 5872869, at \*3. Calton's conviction is final, and he is serving a term of life imprisonment. The exclusive post-conviction remedy in final felony convictions in Texas is through a writ of habeas corpus pursuant to Texas Code of Criminal Procedure Article 11.07. *Id.*; *see* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) ("We are the only court with jurisdiction in final post-conviction felony proceedings."); *see also Parr v. State*, 206 S.W.3d 143, 144 (Tex. App.—Waco 2006, no pet.). The post-conviction application for writ of habeas corpus must be filed with the Texas Court of Criminal Appeals. Therefore, the trial court did not have jurisdiction to grant the injunction that Calton sought.

Calton also asked for injunctive relief that would require Schiller to, among other things, provide the missing records and execute an affidavit stating that the omission of the pretrial records from the previous appellate record was not Calton's fault. We also find that such an injunction was not available. "An injunction is not available to 'prevent commission of wrongs not imminently threatened.'" *Hailey*, 2012 WL 5872869, at \*3 (quoting *Webb v. Glenbrook Owners Ass'n*, 298 S.W.3d 374, 384 (Tex. App.—Dallas 2009, no pet.)); *see* TEX. R. CIV. P. 683. Because Calton did not seek to enjoin the Judges from any wrongdoing or prevent imminent harm, he did not seek prospective relief from the Judges.

We find that the trial court properly determined that it did not have subject-matter jurisdiction over Calton's claims against the Judges because judicial immunity barred these claims. We overrule Calton's first point of error.

## III. Calton's Claims Against Schiller Were Properly Dismissed

### A. Standard of Review

Calton raised Section 1983 claims and several causes of action against Schiller in the hopes that he could obtain an out-of-time appeal. The trial court dismissed these claims as frivolous under Chapter 14.

"The legislature enacted chapter 14 of the Texas Civil Practice and Remedies Code to control the flood of frivolous lawsuits being filed in Texas courts by prison inmates because these suits consume many valuable judicial resources with little offsetting benefits." *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.) (citing *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied); *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2001, pet. denied)). "[T]he trial court may dismiss an inmate's claim if it finds the claim to be frivolous or malicious." *Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.003; *Comeaux v. Tex. Dep't of Criminal Justice*, 193 S.W.3d 83, 86 (Tex. App.—Houston [1st Dist.] 2006, pet. denied)). "A claim is frivolous or malicious if it has no basis in law or fact or if its realistic chance of ultimate success is slight." *Id.* A claim may also be dismissed if "the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts." TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(4)

9

(West 2002). Section 1983 claims are also subject to dismissal under Chapter 14.[7] *See Thomas v. Bush*, 23 S.W.3d 215, 218 (Tex. App.—Beaumont 2000, pet. denied).

"We review a dismissal under chapter 14 for an abuse of discretion." *Id.* "When, as in this case, an inmate's lawsuit is dismissed as frivolous for having no basis in law or in fact but no fact hearing is held, our review focuses on whether the inmate's lawsuit has an arguable basis in law." *Id.* "While a chapter 14 dismissal is reviewed under an abuse of discretion, the issue as to whether a claim has an arguable basis in law is a legal question that we review de novo." *Id.* "We will affirm the dismissal if it was proper under any legal theory." *Id.* (citing *Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex. 1990) (per curiam)). "In conducting our review, we take as true the factual allegations in an inmate's petition and review the types of relief and causes of action set out therein to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief. *Id.* "A claim has no arguable basis in law if it relies upon an indisputably meritless legal theory." *Id*.

## B. Calton's Claims Were Frivolous

Calton is a prolific filer. Since 2004, Calton has filed at least seven applications for writs of habeas corpus with the Texas Court of Criminal Appeals and seven federal petitions challenging his conviction. *See Ex parte Calton*, No. WR-65590-13, 2008 WL 2223894, at *1 (Tex. Crim. App. May 28, 2008) (orig. proceeding) (per curiam order) (not designated for publication); *Calton v. Stephens*, No. 4:14-CV-139-A, 2014 WL 818904, at *1 (N.D. Tex. Mar. 3, 2014) (orig.

---

[7]In his motion for new trial, Calton conceded that his constitutional claims may have been frivolous and subject to dismissal under Chapter 14.

proceeding) (order) (mem. op.). In 2008, Calton was barred from filing applications for the writ of habeas corpus with the Texas Court of Criminal Appeals unless he could show that he was presenting claims that had not been previously raised. *Calton*, 2008 WL 2223894, at *1. As established by his affidavit of previous filings, some of Calton's filings raised claims similar or identical to the ones raised against Schiller in this case. *Stephens*, 2014 WL 818904, at *1 (rejecting the following claim raised by Calton after noting that he had already raised such claims before: "Official court reporter thwarting of appeal due to direct appeal was decided on an incomplete record and said records were necessary for the fair and meaningful resolution of appeal in violation of both clauses of the 14th Amendment.").

Specifically, Calton filed suit in Tarrant and Harris Counties raising identical claims against Schiller in 2014, which were dismissed under Chapter 14 or disposed of by summary judgment. All of Calton's prior challenges, including ones raising complaints similar to the ones raised against Schiller, have been rejected. Thus, the trial court reasonably could have found Calton's claims against Schiller frivolous under Section 14.003(b)(4).

Further, although he sought monetary damages against Schiller, Calton also prayed that the trial court grant an out-of-time appeal, which it had no authority to do.[8] It appears that Calton's claims against Schiller were nothing short of an attempt to thwart the Texas Court of Criminal Appeals' bar against filing additional applications for the writ of habeas corpus. As such, the trial court was free to conclude that Calton's realistic chance of ultimate success on his claims was

---

[8]"[A] civil tort action for violation of federal constitutional rights is not an appropriate vehicle 'for challenging the validity of outstanding criminal judgments.'" *Johnson v. Thaler*, No. 02-10-00435-CV, 2011 WL 1833138, at *2 (Tex. App.—Fort Worth May 12, 2011, no pet.) (mem. op.).

11

slight. Thus, we conclude that the trial court did not abuse its discretion in dismissing Calton's claims against Schiller as frivolous.

**IV.    Conclusion**

We affirm the trial court's judgment.


                                        Ralph K. Burgess
                                        Justice


Date Submitted:     February 22, 2016
Date Decided:       June 16, 2016