

# IN THE
# TENTH COURT OF APPEALS

## No. 10-21-00162-CV

**MARCOS ORTIZ,**

**Appellant**

**v.**

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE,**

**Appellee**

**From the 12th District Court
Walker County, Texas
Trial Court No. 2130042**

## MEMORANDUM OPINION

Marcos Ortiz, an inmate, filed suit against the Texas Department of Criminal Justice alleging violations of his civil rights. Ortiz's allegations include: cruel and unusual punishment, indifference to medical needs, brutality and retaliation by prison officials, torture, sexual assault by prison officials, and racial and religious discrimination. The trial court dismissed Ortiz's petition pursuant to Section 14.003 of the Texas Civil Practice

and Remedies Code finding that the claims have no realistic chance of success and no arguable basis in law. *See* TEX. CIV. PRAC & REM. CODE ANN. § 14.003 (West). We affirm.

Section 14.003 allows a trial court to dismiss a suit filed by an indigent inmate, either before or after service of process, if the court finds that the claim is frivolous or malicious. TEX. CIV. PRAC & REM. CODE ANN. § 14.003 (a) (2) (West). In determining whether the claim is frivolous or malicious, the trial court may consider whether (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. TEX. CIV. PRAC & REM. CODE ANN. § 14.003 (b); *Brewer v. Simental*, 268 S.W.3d 763, 769 (Tex. App. —Waco 2008, no pet.).

We review a dismissal under Chapter 14 for an abuse of discretion. *Calton v. Schiller*, 498 S.W.3d 247, 253 (Tex. App. —Texarkana 2016, pet. den'd). When, as in this case, an inmate's lawsuit is dismissed as frivolous for having no basis in law or in fact but no fact hearing is held, our review focuses on whether the inmate's lawsuit has an arguable basis in law. *Id*. While a Chapter 14 dismissal is reviewed under an abuse of discretion, the issue as to whether a claim has an arguable basis in law is a legal question that we review de novo. *Id*. We will affirm the dismissal if it was proper under any legal theory. *Id*.

The trial court found that Ortiz's claims are barred by res judicata because Ortiz raised the same allegations in previous lawsuits. In this proceeding, Ortiz complains about an incident that occurred on January 31, 2014. He alleges that he was sexually assaulted and tortured by his custodians. Ortiz further alleges that he received inadequate medical care following the incident and that he was the subject of retaliation. These claims were adjudicated in a previous lawsuit in the United States District Court for the Southern District of Texas, and the jury returned a verdict in favor of the defendant on all claims. *See Ortiz v. Pope*, Civil Action No. 4:14-2895 (S.D. Tex., August 31, 2016).

Ortiz brought the allegations again in *Ortiz v. Jefferson*, 2018 U.S. Dist. LEXIS 146055 (S.D. Tex. August 28, 2018). That Court dismissed the claim and found that the allegations regarding the January 2014 assault were adjudicated in the previous lawsuit. *Ortiz v. Jefferson*, 2018 U.S. Dist. LEXIS 146055 *4. The Court further stated that Ortiz has filed numerous previous lawsuits, has been sanctioned repeatedly, and is subject to an order precluding him from filing additional suits absent a determination by a district or magistrate judge that his proposed action should be filed. *Ortiz v. Jefferson*, 2018 U.S. Dist. LEXIS 146055 * 2 (S.D. Tex. August 28, 2018); *Ortiz v. Brown*, 105 F. App'x 607 (5th Cir. Aug. 18, 2004) (imposing three-strikes bar).

Ortiz's claims have previously been litigated and are barred by res judicata. Therefore, his lawsuit has no arguable basis in law. We overrule all of Ortiz's arguments on appeal.

We affirm the trial court's order dismissing Ortiz's suit.


STEVE SMITH
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Opinion delivered and filed May 25, 2022
[CV06]

