

# NUMBER 13-23-00523-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JOHN VALENZUELA

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Tijerina, Silva, and Peña
### Memorandum Opinion by Justice Tijerina[1]

On November 27, 2023, John Valenzuela filed a pro se pleading in this Court "[p]etitioning or requesting a new appeal." This Court previously affirmed Valenzuela's conviction for aggravated assault against a public servant. *See Valenzuela v. State*, No. 13-21-00389-CR, 2023 WL 4499881, at *1 (Tex. App.—Corpus Christi–Edinburg July 13, 2023, no pet.) (mem. op., not designated for publication). Because our jurisdiction over

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

the appeal has expired, and Valenzuela seeks to compel officials to perform certain actions, we liberally construe his new pleading as a petition for writ of mandamus. *See generally* TEX. R. APP. P. 19.1 (delineating the plenary power of the appellate courts), 25.2 (governing the perfection of appeal in criminal cases), 52 (describing the requirements for original proceedings); *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding [mand. denied]) ("The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act."). In his pleading, Valenzuela raises complaints regarding his trial counsel, the trial court judge, members of the district attorney's office, his appointed appellate counsel, and the panel of appellate justices on this Court that affirmed his conviction.

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210; *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992,

2

orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."); *see generally* TEX. R. APP. P. 52.3, 52.7(a); *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that Valenzuela has not met his burden to obtain relief. *See In re Meza*, 611 S.W.3d at 388. Mandamus is not necessary to enforce our appellate jurisdiction, and we lack mandamus jurisdiction over many of the individuals identified in Valenzuela's pleading. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b), (c). Further, to the extent that Valenzuela assails actions taken by members of this Court in connection with his direct appeal, we consider his pleading to have been improvidently filed in this Court. Finally, we note that the exclusive method for a collateral attack on a final felony conviction is through a writ of habeas corpus filed with the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Ater v. Eighth Ct. of Apps.*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) ("We are the only court with jurisdiction in final post-conviction felony proceedings."); *see also Calton v. Schiller*, 498 S.W.3d 247, 252 (Tex. App.—Texarkana 2016, pet. denied). We deny the petition for writ of mandamus.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
28th day of November, 2023.