

# NUMBER 13-24-00281-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE MACARID RINCON

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Benavides, Tijerina, and Silva**
**Memorandum Opinion by Justice Benavides[1]**

Relator Macarid Rincon has filed a pro se petition for writ of mandamus in this Court through which he asserts that an "enhancement" on his August 26, 2019 judgment of conviction for aggravated assault with a deadly weapon and unlawful restraint is illegal and void. *See* TEX. PENAL CODE ANN. §§ 22.02(a)(2) (aggravated assault with a deadly weapon), 20.02(c)(2)(a) (unlawful restraint).

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). This burden includes providing a sufficient record to establish the right to mandamus relief. *In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—Amarillo 2022, orig. proceeding); *In re Pena*, 619 S.W.3d at 839; *see also* TEX. R. APP. P. 52.3(k)(1)(A) (delineating the required form and content for a petition in an original proceeding), R. 52.7(a) (providing that the relator "must file" a record including specific matters).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not met his burden to obtain mandamus relief. Further, we note that the exclusive method for a collateral attack on a final felony conviction is

2

through a writ of habeas corpus filed with the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Ater v. Eighth Ct. of Apps.*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) ("We are the only court with jurisdiction in final post-conviction felony proceedings."); *see also Calton v. Schiller*, 498 S.W.3d 247, 252 (Tex. App.—Texarkana 2016, pet. denied). Accordingly, we deny the petition for writ of mandamus.

GINA M. BENAVIDES<br>
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
29th day of May, 2024.