

# NUMBER 13-24-00366-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE TONY CANO RODRIGUEZ

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Longoria[1]**

Tony Cano Rodriguez, also known as Anthony Cano Rodriguez, filed a pro se

pleading in this Court requesting us to "adjudicate or resolve this matter in the interest of

justice." Although this pleading is unclear, Rodriguez appears to contend that he has been

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

denied the effective assistance of counsel and the opportunity to pursue a petition for discretionary review. This Court previously affirmed Rodriguez's conviction for sexual assault. *See Rodriguez v. State*, No. 13-22-00215-CR, 2023 WL 3749895, at *1 (Tex. App.—Corpus Christi–Edinburg June 1, 2023, no pet.) (mem. op., not designated for publication); *see also In re Rodriguez*, No. 13-22-00180-CR, 2022 WL 1251059, at *1 (Tex. App.—Corpus Christi–Edinburg Apr. 27, 2022, orig. proceeding) (mem. op., not designated for publication) (denying Rodriguez's pro se petition for writ of mandamus raising complaints regarding a delayed trial, the ineffective assistance of counsel, and the failure to disclose exculpatory evidence). Rodriguez does not have a pending appeal in this Court and he does not reference a different final judgment that is subject to appeal or a separately appealable interlocutory order. Accordingly, we liberally construe Rodriguez's pleading as a petition for writ of mandamus. *See generally* TEX. R. APP. P. 19.1 (delineating the plenary power of the appellate courts), 25.2 (governing the perfection of appeal in criminal cases), 52 (describing the requirements for filing original proceedings); *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding [mand. denied]) ("The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act.").

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding);

2

*In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). This burden includes providing a sufficient record to establish the right to mandamus relief. *In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—Amarillo 2022, orig. proceeding); *In re Pena*, 619 S.W.3d at 839; *see also* TEX. R. APP. P. 52.3(k)(1)(A) (delineating the required form and content for a petition in an original proceeding), 52.7(a) (providing that the relator "must file" a record including specific matters).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not met his burden to obtain mandamus relief. Further, we note that the exclusive method for a collateral attack on a final felony conviction is through a writ of habeas corpus filed with the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Ater v. Eighth Ct. of Apps.*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) ("We are the only court with jurisdiction in final post-conviction felony proceedings."); *see also Calton v. Schiller*, 498 S.W.3d 247, 252 (Tex.

3

App.—Texarkana 2016, pet. denied). Accordingly, we deny the petition for writ of mandamus.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
30th day of July, 2024.

4