

# NUMBER 13-24-00434-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE WILFRED PADILLA JR. A/K/A WILFREDO PADILLA A/K/A WILLIE PADILLA

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Silva
### Memorandum Opinion by Justice Silva[1]

Relator Wilfred Padilla Jr. a/k/a Wilfredo Padilla a/k/a Willie Padilla has filed a pro se petition for writ of mandamus seeking to compel the trial court to rule on his motion seeking "Immediate Release from any further confinement due to a Lack of Subject Matter Jurisdiction." In 2013, this Court affirmed relator's convictions for murder and engaging in organized criminal activity. *See Padilla v. State*, No. 13-12-00007-CR, 2013 WL 9680865,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

at *1 (Tex. App.—Corpus Christi–Edinburg Oct. 24, 2013, pet. ref'd) (mem. op., not designated for publication); *see also State v. Padilla*, No. 13-11-00682-CR, 2011 WL 5515555, at *1 (Tex. App.—Corpus Christi–Edinburg Nov. 4, 2011, no pet.) (mem. op., not designated for publication) (affirming an order suppressing evidence).

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). This burden includes providing a sufficient record to establish the right to mandamus relief. *In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—Amarillo 2022, orig. proceeding); *In re Pena*, 619 S.W.3d at 839; *see also* Tex. R. App. P. 52.3(k)(1)(A) (delineating the required form and content for a petition in an original

2

proceeding), 52.7(a) (providing that the relator "must file" a record including specific matters).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not met his burden to obtain mandamus relief. Further, we note that the exclusive method for a collateral attack on a final felony conviction is through a writ of habeas corpus filed with the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Ater v. Eighth Ct. of Apps.*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) ("We are the only court with jurisdiction in final post-conviction felony proceedings."); *see also Calton v. Schiller*, 498 S.W.3d 247, 252 (Tex. App.—Texarkana 2016, pet. denied). Accordingly, we deny the petition for writ of mandamus.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
12th day of September, 2024.