

# NUMBER 13-25-00243-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE MACARIO RINCON

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron**
**Memorandum Opinion by Justice West[1]**

By pro se petition for writ of mandamus, relator Macario Rincon seeks to "vacate and void all illegal confinement and restraint." Relater asserts, *inter alia*, that his trial counsel was ineffective and that his sentence of imprisonment was excessive. Relator has previously filed a petition for writ of mandamus regarding a similar issue. *See In re Rincon*, No. 13-24-00281-CR, 2024 WL 3197684, at *1 (Tex. App.—Corpus Christi–

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Edinburg June 26, 2024, orig. proceeding) (mem. op., not designated for publication) (denying relief where relator asserted that an "enhancement" on his August 26, 2019 judgment of conviction was illegal and void).

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—Amarillo 2022, orig. proceeding); *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also* TEX. R. APP. P. 52.3(k) (delineating the required contents for the appendix in an original proceeding), R. 52.7(a) (providing that the relator "must file" a record including specific matters); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.— Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

The Court, having examined and fully considered the petition for writ of mandamus and relator's failure to provide an adequate appendix and record, is of the opinion that

2

relator has not met his burden to obtain mandamus relief. Further, we note that the exclusive method for a collateral attack on a final felony conviction is through a writ of habeas corpus filed with the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Ater v. Eighth Ct. of Apps.*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) ("We are the only court with jurisdiction in final post-conviction felony proceedings."); *see also Calton v. Schiller*, 498 S.W.3d 247, 252 (Tex. App.—Texarkana 2016, pet. denied). Accordingly, we deny the petition for writ of mandamus.

JON WEST
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
6th day of May, 2025.