

# NUMBERS 13-25-00666-CR, 13-25-00667-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE GERALD OSBORNE DORRIS A/K/A GERALD DORRIS

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West
Memorandum Opinion by Chief Justice Tijerina[1]**

Relator Gerald Osborne Dorris a/k/a Gerald Dorris has filed a pro se petition for writ of mandamus asserting that his constitutional and statutory rights have been violated. He alleges that he should be found "not guilty," all charges against him should be dismissed, and he should be released from confinement. Relator also asserts that the law enforcement agents and officers of the court involved in his cases should be held

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

accountable for their actions and be punished." Finally, relator seeks compensation for "the way he was treated and his loss[es] both physical, emotional, and financial[]." Relator's complaints arise from trial court cause numbers 2023-DCR-02106 and 2024-DCR-03187 in the 138th District Court of Cameron County, Texas, docketed respectively in our appellate cause numbers 13-25-00666-CR and 13-25-00667-CR. We address both cause numbers in this single memorandum opinion in the interests of judicial efficiency.[2]

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the

---

[2] In addition to the petition for writ of mandamus, relator has also filed a motion to proceed in forma pauperis. We grant relator's motion to proceed without the payment of costs in both causes. Relator has further filed separate pleadings which seek the dismissal of all charges against him based on alleged violations of the first, fourth, fifth, sixth, eighth, and ninth amendments of the United States Constitution. *See* U.S. CONST. amends. I, IV, V, VI, VIII, IX. We construe these pleadings as a singular motion to dismiss, and we deny relator's motion to dismiss in both original proceedings.

extraordinary relief he seeks."). This burden includes providing a sufficient record to establish the right to mandamus relief. *In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—Amarillo 2022, orig. proceeding); *In re Pena*, 619 S.W.3d at 839; *see also* TEX. R. APP. P. 52.3(k)(1)(A) (delineating the required form and content for a petition in an original proceeding), 52.7(a) (providing that the relator "must file" a record including specific matters).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has not met his burden to obtain mandamus relief in either cause number. Further, we note that the exclusive method for a collateral attack on a final felony conviction is through a writ of habeas corpus filed with the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Ater v. Eighth Ct. of Apps.*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) ("We are the only court with jurisdiction in final post-conviction felony proceedings."); *see also Calton v. Schiller*, 498 S.W.3d 247, 252 (Tex. App.—Texarkana 2016, pet. denied). Accordingly, we deny the petition for writ of mandamus in each cause number.

JAIME TIJERINA
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
22nd day of December, 2025.