

# NUMBER 13-26-00177-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

### IN RE JESUS R. SALAZAR

---

### ON PETITION FOR WRIT OF MANDAMUS

---

## MEMORANDUM OPINION
**Before Justices Silva, Cron, and Fonseca**
**Memorandum Opinion by Justice Silva[1]**

Jesus R. Salazar has filed a "Letter of Intent" in which he requests the trial court to "start the appeals process" and "appoint [him] an attorney for this process." Salazar refers to this pleading as an "action and writ." Salazar's pleading concerns trial court cause number 24FC-4327-B in the 117th District Court of Nueces County, Texas. Salazar previously pursued a direct appeal of his conviction from this trial court cause number, and the Court dismissed that appeal as untimely. *See Salazar v. State*, No. 13-25-00436-

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

CR, 2025 WL 2937450, at \*1 (Tex. App.—Corpus Christi–Edinburg Oct. 16, 2025, no pet.) (mem. op., not designated for publication). Accordingly, we liberally construe Salazar's pleading as a petition for writ of mandamus. *See generally* TEX. R. APP. P. 25.2 (governing the perfection of appeal in criminal cases); *In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding [mand. denied]) ("The function of the writ of mandamus is to compel action by those who by virtue of their official or quasi-official positions are charged with a positive duty to act.").

In a criminal case, to be entitled to mandamus relief, the relator must establish that the act sought to be compelled is a ministerial act that does not involve a discretionary or judicial decision, and that there is no adequate remedy at law to address the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

The Texas Rules of Appellate Procedure delineate the required form and contents for a petition for writ of mandamus. *See generally* TEX. R. APP. P. 52.3, 52.7. "The petition

2

must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *Id.* R. 52.3(i). The relator must provide a record that is sufficient to establish the right to mandamus relief. *In re Schreck*, 642 S.W.3d 925, 927 (Tex. App.—Amarillo 2022, orig. proceeding); *In re Pena*, 619 S.W.3d at 839.

The Court, having examined and fully considered the pleading at issue, and having construed it as a petition for writ of mandamus, is of the opinion that Salazar has not met his burden to obtain relief. Salazar's petition fails to meet the requirements of the Texas Rules of Appellate Procedure, and without argument, authority, or supporting documentation, we cannot ascertain the merits of his requests for relief. We further note that the habeas corpus procedure set out in Article 11.07 of the Texas Code of Criminal Procedure is the exclusive remedy for felony post-conviction relief in state courts. *See* TEX. CODE CRIM. PROC. art. 11.07; *Padieu v. Ct. of Apps. of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (orig. proceeding); *In re Briscoe*, 230 S.W.3d 196, 197 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *see also Calton v. Schiller*, 498 S.W.3d 247, 252 (Tex. App.—Texarkana 2016, pet. denied). Accordingly, we deny the petition for writ of mandamus.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
27th day of February, 2026.