

# NUMBER 13-26-00334-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE REGINALD CALLIS

---

## ON PETITION FOR WRIT OF MANDAMUS

---

## MEMORANDUM OPINION

### Before Justices Silva, Peña, and Fonseca
### Memorandum Opinion by Justice Silva[1]

By pro se petition for writ of mandamus, relator Reginald Callis asserts that the trial court lacked the ability to convict him in the absence of a plea and that mandamus may issue on a void judgment. Relator's complaints arise from trial court cause number 08-3-7806 in the 24th District Court of Jackson County, Texas. Relator has previously filed a direct appeal and other proceedings from this same trial court cause number. *See,*

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

*e.g.*, *Ex parte Callis*, No. 13-22-00264-CR, 2022 WL 3971792, at *1 n.1 (Tex. App.—Corpus Christi–Edinburg Sept. 1, 2022, no pet.) (mem. op., not designated for publication) (collecting cases).

In a criminal case, to be entitled to mandamus relief, the relator must establish that the act sought to be compelled is a ministerial act that does not involve a discretionary or judicial decision, and that there is no adequate remedy at law to address the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *See id.*; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also* TEX. R. APP. P. 52.3, 52.7 (delineating the required form and contents for an original proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain relief. We further note that the habeas corpus procedure set out in Article 11.07 of the Texas Code of Criminal Procedure is the exclusive remedy for felony post-conviction relief in state courts. *See* TEX. CODE CRIM. PROC. art. 11.07; *Padieu v. Ct. of Apps. of Tex., Fifth*

2

*Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (orig. proceeding); *In re Briscoe*, 230 S.W.3d 196, 197 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *see also Calton v. Schiller*, 498 S.W.3d 247, 252 (Tex. App.—Texarkana 2016, pet. denied). Accordingly, we deny the petition for writ of mandamus.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
28th day of April, 2026.